320 So.2d 408 (1975)
William F. WAGNER and Ernestine Wagner, Appellants,
v.
Eston E.L. ROBERTS, As Administrator and Heir of Juanita McQuarter, Appellee.
No. 74-1278.
District Court of Appeal of Florida, Second District.
September 26, 1975.
Rehearing Denied October 29, 1975.
*409 Allen R. Samuels, St. Petersburg, for appellants.
Horace E. Hill, Daytona Beach, for appellee.
GRIMES, Judge.
This is an appeal from a final judgment quieting the title of certain property in the plaintiff (Roberts). The origin of this suit is reflected by the following chronology:
(1) On February 11, 1952, Cora Jones conveyed a certain lot to Juanita McQuarter by warranty deed.
(2) In November of 1952, Juanita McQuarter died leaving as her sole heirs, Roberts and his sister Blonde Eva Jones.
(3) On April 24, 1960, Cora Jones executed a mortgage on the property to Sunniland Development Corporation securing a $6,000 promissory note.
(4) On November 21, 1961, Sunniland Development Corporation assigned the mortgage to defendants (Wagners).
(5) On October 5, 1965, Cora Jones conveyed the property to Roberts and Blonde Eva Jones. This warranty deed provided that the grantees assumed the mortgage of April 24, 1960.
All of the instruments mentioned above were recorded shortly following the dates of their execution. On October 21, 1968, the Wagners filed a suit to foreclose the mortgage for default in payment of note. Defaults were taken against Roberts and Blonde Eva Jones and a final judgment of foreclosure was entered. At the foreclosure sale, the land was bought in by the Wagners.
On May 5, 1972, Roberts brought suit as heir of Juanita McQuarter and as administrator of her estate to set aside the judgment of foreclosure. After the taking of testimony, the court entered an order finding that the mortgage from Cora Jones to Sunniland was ineffective since the mortgagor had no title to the property at the time the mortgage was executed and further that the record did not demonstrate that diligent search and inquiry had been made in the foreclosure action to discover the residence of Roberts and Blonde Eva Jones. The plaintiff was allowed to amend the complaint to conform to the evidence by dropping his designation as administrator *410 of the estate and adding as parties, Blonde Eva Jones and certain persons who had since purchased the property from the Wagners. Thereafter, Roberts filed an amended complaint in compliance with the court's order and the Wagners filed a general denial and affirmative defenses.
By the time another hearing was held, the circuit judge who had previously heard the case had retired and a new circuit judge presided. This judge refused to permit further testimony by any persons who were parties to the previous hearing and ultimately entered a final judgment confirming the findings set forth in the previous judge's order and quieting the title of the property in Roberts and against all of the defendants.[1]
While the evidence is susceptible to more than one conclusion, there is competent substantial evidence to support the finding that constructive service was not properly effected against Roberts and Blonde Eva Jones. Therefore, the mortgage foreclosure was properly set aside, and the Wagners and their transferees have no title to the property. Since the mortgagor no longer owned the property when the mortgage was executed, it is not valid. However, if the final judgment is left in its present form, Roberts will be unjustly enriched since some, if not all, of the proceeds of the mortgage went toward the erection of a new house on the property, yet the defendants were refused the right to present further testimony to this end. Roberts did not live there, but he was aware of the house being built. It was he who caused the recording of the 1965 deed from Cora Jones to himself and Blonde Eva Jones in which it was stated that the grantees assumed the Sunniland mortgage. Moreover, Roberts acutally made payments on the mortgage.
Equitable liens arise from two sources: (1) A written contract which shows an intention to charge some particular property with a debt or obligation; and, (2) when declared by a court of equity out of general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case. Dewing v. Davis, Fla.App.2d 1960, 117 So.2d 747. Thus an equitable lien will be declared when the claimant has furnished funds for improvement of land with the knowledge and consent of the owner. Carter v. Suggs, Fla.App.1st 1966, 190 So.2d 784.
Even though the mortgage now held by the appellants is not valid, equity dictates that the Wagners should have an equitable lien on the property to the extent they can prove that the property was benefitted from the proceeds of the mortgage (not to exceed $6,000) less an amount equal to all principal and interest payments made on the mortgage to date. The Wagners shall be entitled to no interest to date on the resulting amount. This amount which shall be determined on remand shall be a lien upon the property and shall be payable in the same installments and at the same rate of interest as the original mortgage note.
The judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings as prescribed in this opinion.
McNULTY, C.J., and GRIMES and SCHEB, JJ., concur.
NOTES
[1] The amended complaint alleged that Blonde Eva Jones refused to join as a plaintiff and was therefore joined as a party-defendant. Thus, it would appear that Roberts acquired title to the entire property by virtue of the final judgment. In any event, no appeal has been taken from this aspect of the case.