In re James Webster DALTON, Mary M. Dalton, Debtors.

Scott W. PUTNEY, Trustee, Plaintiff,

v.

Don H. DALTON and Nancy M. Dalton, Defendants.

Bankruptcy No. 85–412–ORL–BK–7. Adv. No. 87–182.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Sept. 6, 1988.

Scott W. Putney, Orlando, Fla., for Trustee.

Michael G. Williamson, Orlando, Fla., for defendants.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon cross motions for summary judgment filed by the plaintiff, Scott W. Putney, Trustee ("Trustee"), and the defendants, Don H. Dalton and Nancy M. Dalton. The issue presented is whether the trustee may avoid an unrecorded and allegedly defective mortgage on debtors' homestead and preserve the benefits for the estate. Upon the evidence presented at the hearing held June 22, 1988, the Court finds in favor of plaintiff.

## FACTS

On January 18, 1982, the debtors, James W. Dalton and Mary M. Dalton ("Debtors"), executed an unrecorded mortgage note in the amount of $15,000.00 to the defendant, Don H. Dalton. The mortgage states in relevant portion that "this note with interest is secured by a mortgage on real estate, of even date herewith, made by the maker hereof in favor of the said payee, and shall be construed and enforced according to the laws of the State of Florida."

On April 3, 1985, the debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code which was converted to Chapter 7 on December 9, 1985. Scott W. Putney was appointed as Chapter 7 trustee.

In the debtors' original Chapter 13 Statement, they stated, under penalty of perjury, that the defendant, Don H. Dalton, held a mortgage on debtors' real estate. The only real estate owned by the debtors at that time, other than two burial plots in Albany, Kentucky, was their home located

in Orlando, Florida. The Statement of Intentions filed by the debtors showed that defendants' mortgage encumbered the home in Orlando.

On February 26, 1986, the defendants filed a proof of claim in the amount of $15,000.00 which listed as consideration "an unrecorded mortgage on residence." However, the affidavit of Don H. Dalton which accompanied the proof of claim stated, ". . . this loan was never intended to be a secured loan. . . . I filed the Proof of Claim in this case as an unsecured creditor as I do not claim a mortgage on my father's homestead." An objection to that claim was filed March 2, 1988, and the Court has deferred ruling on that objection pending resolution of this adversary proceeding.

## DISCUSSION

This action was brought under the "strong arm" provisions of § 544(a) of the Bankruptcy Code. That section provides:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the commencement of the case, whether or not such a purchaser exists.

In this case, the plaintiff seeks to invalidate the effect of an unrecorded mortgage on debtors' homestead. The defendants have defended the action primarily on two grounds: (1) that the mortgage note does not constitute a "transfer" within the meaning of § 101(50) of the Bankruptcy Code; and (2) that the trustee cannot avoid the transfer of an interest on exempt property. There can be no argument that, but for these questions, the trustee is otherwise entitled to invalidate the lien on debtors' property.

Section 101(50) of the Bankruptcy Code defines transfer as:

. . . every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption; . . .

Defendants argue that because the note was ineffective under Florida law to effect a transfer of an interest in debtors' realty, no "transfer" within the meaning of § 101(50) took place. Defendants' position is based in part on § 697.01, *Florida Statutes* ("Instruments Deemed Mortgages") and § 697.02, *Florida Statutes* ("Nature of Mortgage"). Those statutes provide:

697.01 Instruments Deemed Mortgages—

(1) All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal for the purpose or with the intention of securing the payment of money, . . . shall be deemed and held mortgages. . . .

697.02 Nature of a Mortgage—

A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession.

Defendants argue that because the mortgage note fails to contain sufficient words of conveyance or security and because it fails to contain a legal description of the property encumbered, the note fails to qualify as a mortgage under Florida law. Accordingly, defendants contend that a transfer of an interest in property did not take place.

Defendants' position is without merit. Under Florida law, an instrument constitutes a mortgage if the facts and circumstances surrounding the transfer indicate that the instrument was given for the purposes of securing the payment of money. Such is the case here. The parties clearly contemplated that the obligation be "secured by a mortgage on real estate" even though that property was not adequately

described. Furthermore, the evidence indicates that the parties intended the note to secure the repayment of the $15,000 loan. Their son's subsequent disclaimer of any interest in that property after this complaint was filed is ineffective to destroy the legal effect of that mortgage.

The fact that a mortgage is defective in some manner does not preclude the creation of an equitable mortgage. *Reed v. Dyal*, 397 So.2d 389 (Fla. 1st DCA 1981); *Wagner v. Roberts*, 320 So.2d 408, 410 (Fla. 2d DCA 1975). All that is required is there be an intent to create a mortgage, and such is the case here. Accordingly, the Court concludes that the debtors transferred an interest in their property within the meaning of § 101(50). Whether that mortgage is effective as to a subsequent purchaser is a question which the Court need not decide.

As for defendants' second contention, the Court finds that the trustee is entitled to avoid the transfer of an interest in property irrespective of its exempt status. Section 544 of the Bankruptcy Code is not limited to "property of the estate" as opposed to "exempt property," but to *any* transfer of property by the debtor. Furthermore, § 544 allows the trustee to avoid *any* obligation incurred by the debtor that is avoidable by a hypothetical lien creditor or a hypothetical bona fide purchaser of property. *See e.g., In re DiPalma*, 24 B.R. 385, 9 BCD 1131 (Bkrptcy.D.Mass.1982); *In the Matter of Hulk*, 8 B.R. 444, 7 BCD 339 (Bkrptcy.D.Conn.1981).

The Court has reviewed the other arguments raised in this adversary proceeding and concludes that, at the very least, the debtors "transferred" an equitable interest in their real property to the defendants. Under § 544, the trustee is entitled to avoid the transfer of that interest. The Court finds further that under § 551 of the Bankruptcy Code, the trustee is entitled to preserve the benefit of that mortgage for the estate.

The Court will enter a final judgment granting plaintiff's motion for summary judgment, denying the defendants' motion for summary judgment, and allowing the mortgage to be avoided and invalidated but preserved for the benefit of the estate.