779 So.2d 501 (2000)
Brenda A. SPRIDGEON, Appellant,
v.
Timothy M. SPRIDGEON, Appellee.
No. 2D99-4181.
District Court of Appeal of Florida, Second District.
December 8, 2000.
David J. Sockol and Richard MacDonald of Sockol & Associates, P.A., St. Petersburg, for Appellant.
George L. Hayes, III of Powell, Carney, Hayes & Silverstein, P.A., St. Petersburg, for Appellee.
NORTHCUTT, Judge.
Brenda Spridgeon contends the trial court should not have granted Timothy Spridgeon an equitable lien on her homestead. We affirm.
The parties are former spouses who remained friendly after their divorce. Several years after their split, Mr. Spridgeon advanced all the funds for Ms. Spridgeon's purchase of a condominium unit in which to live. Thereafter, Mr. Spridgeon paid for a number of repairs and renovations to the home. Evidence at the bench trial below amply supported the trial court's determination that these expenditures were offered and accepted as loans which would be repaid with proceeds of a mortgage loan Ms. Spridgeon was to obtain from a traditional lending institution. But when Mr. Spridgeon later presented her with the opportunity to apply for a mortgage on relatively favorable terms, she reneged and refused to sign the application. He then sued for an equitable lien on the condominium unit. In due course, the trial court awarded him the lien.
Ms. Spridgeon contends this was error under Zaleznik v. Gulf Coast Roofing Co., 576 So.2d 776 (Fla. 2d DCA 1991), in which we observed that in order to establish an equitable lien on real property our court had required either "circumstances such as fraud or misrepresentation of essential facts upon which the lender or contractor relied in good faith" or "an agreement by the owner of the property to have certain property stand as security for a specific obligation." Id. at 779 (quoting Jennings v. Connecticut Gen. Life Ins. Co., 177 *502 So.2d 66, 68 (Fla. 2d DCA 1965)). Here, the trial court found the Spridgeons had agreed the property would stand as security for a loan from a third party in order to repay the loan at issue. It also concluded that it was necessary to impose an equitable lien to prevent Ms. Spridgeon's unjust enrichment. The court did not find that Ms. Spridgeon had engaged in fraud or misrepresentation. She argues that under Zaleznik these findings are insufficient to support an equitable lien.
We need not determine whether the lien would survive examination under Zaleznik because the Florida Supreme Court later clarified that equitable circumstances other than fraud or misrepresentation, including the prevention of unjust enrichment, are proper grounds for imposing equitable liens on homesteads. See Palm Beach Savings & Loan Assoc. v. Fishbein, 619 So.2d 267 (Fla.1993). In that case, Ms. Fishbein's estranged husband forged her signature on documents granting Palm Beach Savings & Loan a mortgage on their homestead, which was titled in the husband's name alone. He used the proceeds to pay existing mortgages and taxes on the property and for other purposes. The Fishbeins later resolved their divorce proceeding with a settlement agreement founded in part on Mr. Fishbein's false representation that the home was unencumbered. Eventually the court in the dissolution proceeding set aside the agreement for fraud in the procurement and awarded the home to Ms. Fishbein.
In the meantime, the Palm Beach Savings mortgage had fallen into default and the bank had sued to foreclose. The circuit court ruled that Ms. Fishbein had not abandoned her homestead interest in the property and that the mortgage containing her forged signature could not be foreclosed. However, the court imposed an equitable lien on the house to the extent that the bank's funds had been used to satisfy the preexisting mortgages. The Fourth District Court of Appeal upheld the former ruling, but reversed the latter. The court reasoned that an equitable lien may be awarded against homestead property only when the beneficiary of the homestead protection is guilty of fraud or other egregious conduct. See Fishbein v. Palm Beach Savings & Loan Assoc., 585 So.2d 1052 (Fla. 4th DCA 1991).
The Florida Supreme Court quashed that portion of the Fourth District's decision. It held that the bank was entitled to an equitable lien based on the use of its funds to satisfy the preexisting mortgages; otherwise, Ms. Fishbein would be unjustly enriched. The court pointed to its prior decisions in La Mar v. Lechlider, 135 Fla. 703, 185 So. 833 (1939), and Sonneman v. Tuszynski, 139 Fla. 824, 191 So. 18 (1939), in which equitable liens were imposed against homestead properties to prevent unjust enrichment. Moreover, the court wrote, in each case the homestead interest of the innocent spouse of the party whose conduct led to the unjust enrichment was also subject to the equitable lien. See Fishbein, 619 So.2d at 270. The court concluded by noting that since the equitable lien was in the amount of the mortgage proceeds used to satisfy preexisting mortgages, Ms. Fishbein was in no worse position than she had been prior to the execution of the mortgage.
Unlike Ms. Fishbein before her, Ms. Spridgeon cannot maintain her innocence of the circumstances giving rise to this dispute. She knew full well at the time that Mr. Spridgeon was contributing heavily to the price of her shelter, and that he did so based on her promise to post the renovated property as security for a loan with which to repay him. The equitable lien leaves Ms. Spridgeon no worse off than she would have been if she had honored her agreement. On the other hand, to have denied the lien would have left her vastly and unjustly enriched.
Affirmed.
PATTERSON, C.J., and FULMER, J., Concur.