915 So.2d 1272 (2005)
Harry M. EPSTEIN, Appellant,
v.
Judy A. EPSTEIN, Appellee.
No. 4D04-3900.
District Court of Appeal of Florida, Fourth District.
December 21, 2005.
*1273 Alan R. Crane of Furr and Cohen, P.A., Boca Raton, for appellant.
Jonathan S. Root of Graner, Root & Heimovics, P.A., Boca Raton, for appellee.
GROSS, J.
Harry Epstein timely appeals an order entered after a final judgment of dissolution which denied his requests for either the imposition of an equitable lien on his former wife's residence or a set-off against his periodic alimony payments. We affirm the order, holding that application of the clean hands doctrine supported the trial court's award of a final judgment for damages instead of equitable relief.
The Epsteins' final judgment of dissolution decreed that the wife would receive 60% of the net equity, and the husband would receive 40%. In addition, the judgment awarded the wife periodic permanent alimony of $5,000 a month.
After the divorce, the former wife filed a petition for relief in bankruptcy court. A creditor filed a complaint to deny her discharge in bankruptcy. The creditor held a judgment against both the husband and wife for $840,000.
*1274 While the bankruptcy proceeding was pending, the former wife arranged to sell the marital residence. Before the closing, the creditor served a garnishment writ upon the closing agent, seeking to reach the former husband's share of the proceeds.
The former husband and former wife concocted an agreement[1] that would keep the former husband's proceeds out of the hands of the creditor and ultimately funnel the money back to the former husband. Under this plan, the husband would disclaim any interest in the money realized from the sale of the home and the wife would take the entire proceeds from the sale of the marital home and purchase a new residence. She agreed to repay the husband his share of the net equity at a rate of $2,000 a month.
In furtherance of their plan, the former husband sent a letter to the escrow agent stating:
I am making no claim on monies from the sale of 3949 N.W. 52nd Street Boca Raton, Florida. It is my understanding that I lost my homestead rights to this house in the divorce proceedings, and any proceeds through Judy's bankruptcy.
The escrow agent followed these instructions and paid the wife all of the proceeds from the sale of the marital residence, which she reinvested in a new home. Later, the wife was denied her discharge in bankruptcy.
The wife made three $2,000 payments to the husband. After she stopped making payments, the husband sent some angry e-mails seeking repayment of his $150,000 share of the proceeds. He stopped making alimony payments. The wife moved to hold the husband in contempt and the husband moved to enforce the final judgment and to impose an equitable lien.
After an evidentiary hearing, the trial judge entered an order 1) denying the husband's request for the imposition of an equitable lien on the wife's new residence, 2) entering a money judgment against the wife for $129,513.41, 3) finding the husband $18,500 in arrears on his alimony payments and requiring payment within 30 days of the evidentiary hearing, 4) issuing an income deduction order of $5,000 a month for alimony, and 5) refusing to set off the wife's debt against the husband's alimony payments.
On appeal, the husband challenges the trial court's refusal to impose an equitable lien against his former wife's new home or to set off her debt against his alimony obligation.
Both a set-off and an equitable lien are equitable remedies. In Chappell v. Chappell, 253 So.2d 281, 283 (Fla. 4th DCA 1971), we identified the equitable nature of a set-off:
A court of equity, or a court possessing equitable jurisdiction, has inherent power, as a part of its general jurisdiction, to allow or compel a set-off. * * * As sometimes stated, the right of set-off is an equitable right or a creature of equity, and is founded on equitable principles. * * *
Set-off in equity is not a matter of right, but Rests largely in the discretion of the court as defined by well-recognized equitable principles of universal application.
(quoting 80 C.J.S. Set-off and Counterclaim § 5). Similarly, an equitable lien "is a right granted by a court of equity, arising by reason of the conduct of the parties affected which would entitle one party as a *1275 matter of equity to proceed against" certain property. Gables Racing Ass'n v. Persky, 148 Fla. 627, 6 So.2d 257, 263 (1942); see Palm Beach Sav. & Loan Ass'n v. Fishbein, 619 So.2d 267, 270 (Fla.1993).
As equitable remedies, both a set-off and an equitable lien are subject to the principle that one who seeks the aid of equity must do so with clean hands.
This maxim is one of the general and fundamental principles of equity jurisprudence. Equity is a court of conscience; it demands fair dealing in all who seek relief, and requires decency, good faith, fairness, and justice. Equity cannot be invoked for selfish or ulterior purposes ... Where a litigant fails to meet such a standard equity will deny all relief, and if both parties are at fault, relief will be withheld from both.
Schetter v. Schetter, 279 So.2d 58, 61 (Fla. 4th DCA 1973) (Walden J., dissenting) (quoting 12 FLA. JUR. Equity § 54, at 211-212). The clean hands doctrine "applies not only to fraudulent and illegal transactions, but to any unrighteous, unconscientious, or oppressive conduct by one seeking equitable interference in his own behalf." Dale v. Jennings, 90 Fla. 234, 107 So. 175, 180 (1925) (quoting EATON, EQUITY, p. 74, and Weegham v. Killefer, 215 F. 168, 172 (D.Ct.Mich.1914)). As the court observed in Weegham:
Equity imperatively demands of suitors in its courts fair dealing and righteous conduct with reference to the matters concerning which they seek relief. He who has acted in bad faith, resorted to trickery and deception, or been guilty of fraud, injustice, or unfairness will appeal in vain to a court of conscience, even though in his wrongdoing he may have kept himself strictly `within the law.'
215 F. at 171.
The trial court did not abuse its discretion in declining to award the equitable remedies of set-off and equitable lien because the evidence supports the conclusion that the husband came to court with unclean hands. The former wife ended up with the former husband's share of the proceeds from the sale of the marital residence as part of a scheme to cheat a creditor and reduce the former husband's alimony obligation. The former husband conceded that at one time he hoped to use his share of the proceeds from the sale of the house to settle the claims of the couple's creditor. However, he realized that the creditor had not affected his life "in 18 years," so he misrepresented his continuing interest in the proceeds of the sale to shield them from the creditor. Conscious that their deal was not on the up-and-up, the husband sent his wife an e-mail indicating that they should not "leave a paper trail" regarding their arrangement.[2]
The husband relies heavily on Spridgeon v. Spridgeon, 779 So.2d 501 (Fla. 2d DCA 2000), but that case is distinguishable in one important respect; the husband seeking an equitable lien in Spridgeon came to court with clean hands.
In Spridgeon, the second district affirmed the trial court's imposition of an equitable lien on a former wife's homestead property. After the parties were divorced, the former husband advanced all the funds for the former wife's purchase of homestead property. Id. The former husband also paid for a number of repairs and renovations. Id. The trial court "determine[ed] that these expenditures were *1276 offered and accepted as loans which would be repaid with the proceeds of a mortgage loan [the former wife] was to obtain from a traditional lending institution." Id. The former husband later presented his former wife with an opportunity to apply for a mortgage to repay the loan, but she refused to sign the application. Id.
The second district affirmed the imposition of an equitable lien on the former wife's homestead, observing that the wife "knew full well at the time that [her former husband] was contributing heavily to the price of her shelter, and that he did so based on her promise to post the renovated property as a security loan with which to repay him." Id. at 502. Unlike the situation presented in this case, there is no hint of unclean hands in the husband's conduct in Spridgeon.
We affirm the order of the trial court. Mr. Epstein received a final judgment for money damages against his former wife. Although that may not have been the relief he most desired, it was all he was entitled to under the law.
STONE and HAZOURI, JJ., concur.
NOTES
[1] We view the evidence in the light most favorable to the wife, who prevailed at trial on those issues which the husband challenges on appeal.
[2] One of the ironies of the modern age is that an electronic trail is more enduring than a paper one.