Conner, J.
Jane Doe No. 3 (“Doe”)[1] appeals the final judgment dismissing her complaint with prejudice, asserting the trial court erred in finding her claims barred by the statute of limitations. Because we agree with Doe’s argument that the defense is not apparent from the four corners of her complaint, we reverse the dismissal with prejudice.
Pertinent Facts and Trial Proceedings Doe initially filed her complaint against Nur-Ul-Islam of South Florida, Inc. (“the Mosque”), Nur-Ul-Islam Academy, Inc. and Kem Hussain (collectively, “the Academy”) in November 2014.[2] Therein, she alleged that the Mosque operated the Academy as a private school, and the Academy “was a subordinate and/or servient corporation, and was a wholly-owned subsidiary of’ the Mosque. Doe was a student at the Academy during the 2004-2005 school year, and she alleged that, in 2004, she “was the victim of sexual abuse on school grounds, during school hours, perpetrated by [a teacher].” On the same day that she was abused, Doe reported the abuse to “an official” of the Academy. Doe alleged that, in response to her report, the Academy took, actions that “promoted and encouraged further harm to her” by: (1) failing to fully investigate; (2) calling Doe a liar and immoral when the teacher denied the allegation; (3) failing to report the abuse, in violation of Florida law; (4) failing to report the allegation of abuse to Doe’s parents; and (5) taking retaliatory action against Doe. Doe alleged the retaliatory conduct included “condemning her as a liar, ridiculing her as being an immoral person, shunning her socially, addressing her in a rude manner, encouraging other students to condemn her, and placing her *87 back into [the teacher]’s classroom—without any other adult supervision—for another eight months,” where the teacher sexually harassed and engaged in abusive behavior towards Doe. Doe further alleged the retaliatory and abusive actions by the Academy “[were] specifically designed and intended to silence [Doe] and to prevent her from contacting legal authorities and taking any legal action.”
Doe also alleged that the Academy’s retaliatory conduct “succeeded in intimidating her into silence until [] recent public disclosures that [the teacher] had been charged with sex crimes against children and finally had been fired from [the Academy] gave her sufficient mental health safety to be able to contact law enforcement and reveal what she endured in 2004 and 2005.”
Based on the factual allegations, Doe asserted causes of action for negligence, mental and emotional child abuse, and negligent hiring, retention, or supervision against the appellees.
The Mosque and the Aeademy moved to dismiss the complaint, arguing that the claims were barred by the statute of limitations, as well as other grounds not pertinent to our decision.
The trial court entered an order granting the appellees’ motions to dismiss with prejudice and without elaboration. Subsequently, the trial court entered a final order dismissing Doe’s complaint with prejudice. Doe gave notice of appeal.

Appellate Analysis

“The standard of review of orders granting motions to dismiss with prejudice is de novo.” Burgess v. N. Broward Hosp. Dist, 126 So.3d 430, 433 (Fla. 4th DCA 2013) (citing MEBA Med. & Benefits Plan v. Lago, 867 So.2d 1184, 1186 (Fla. 4th DCA 2004)).
Although the trial court did not state a reason for dismissing Doe’s complaint, the parties agree that the reason was due to the statute of limitations defense. Therefore, we analyze the issue under the backdrop that the trial court dismissed the action with prejudice because the court concluded the allegations, within the four corners of the complaint, demonstrated that the action was barred by the statute of limitations.
Doe argues the dismissal with prejudice was error for two reasons: (1) the complaint does not specifically identify a date when the cause of action accrued, and (2) the appellees are equitably estopped from using the statute of limitations as a defense. Because we agree with Doe’s first reason and find it to be dispositive, we do not analyze the merits of the second reason.
“If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss. Otherwise an affirmative defense may not be considered on motion to dismiss a complaint.” Frank v. Campbell Prop. Mgmt., Inc., 351 So.2d 364, 364-65 (Fla. 4th DCA 1977) (citations omitted); see also Fla. R. Civ. P. 1.110(d) (“Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b)[.]”). Thus, our analysis begins with whether the date of the accrual of the cause of action was established within the four corners of the complaint, as a predicate for a statute of limitations defense.
“A statute of limitations ‘runs from the time the cause of action accrues’ which, in turn, is generally determined by the date ‘when the last element constituting the cause of action occurs.’ ” Heamdon v. Graham, 767 So.2d 1179, 1184-85 (Fla. 2000) (quoting § 95.031, Fla. Stat. (1987)). *88 Doe argues that the trial court erred in determining the statute of limitations defense applied to bar her claims because she was a minor at the time of the injury. Instead, she argues that the statute of limitations period begins to run against an injured minor when the minor’s parents knew or should have known about the cause of action or the minor reaches the age of majority. In support of her argument, Doe relies on Drake By and Through Fletcher v. Island Community Church, Inc,, 462 So.2d 1142 (Fla. 3d DCA 1984). There, the Third District deemed it elementary that:
A cause of action cannot be said to have accrued, within the meaning of [the statute of limitations], until an action can be instituted thereon. There must be some person capable of suing or being sued upon the claim in order for the statute to begin to run.
Id. at 1144 (alteration in original) (quoting Berger v. Jackson, 156 Fla. 251, 23 So.2d 265, 269 (Fla. 1945)). Noting that Florida Rule of Civil Procedure 1.210(b) does not allow a minor to bring suit on his or her own behalf, the Third District held:
It follows, then, that the statute of limitations could not begin to run against the minor child in the present case until the parent knew or reasonably should have known those facts which supported a cause of action. Since the complaint in this action alleges that the parent did not have this knowledge, the statute did not commence to run as a matter of law against the minor child.

Id,

Citing to Drake and rule 1.210(b), the First District has also arrived at the same conclusion:
Under Florida Rule of Civil Procedure 1.210 a minor is incapable of bringing an action on his or her own behalf, but can only sue by and through a guardian ad litem, next friend, or other duly appointed representative. Thus, the statute of limitations will begin to run as to the parents or the legal guardian of the minor, in their capacity of next friend, when the parents or guardian knew or reasonably should have known of the invasion of legal rights. Drake v. Island Community Church, Inc., 462 So.2d 1142, 1144 (Fla. 3d DCA 1984), pet. for
rev. denied, 472 So.2d 1181 (Fla.1985). S.A.P. v. State, 704 So.2d 583, 585-86 (Fla. 1st DCA 1997).
The appellees make two arguments in opposing Doe’s position regarding Drake, S.A.P., and rule 1.210(b). First, the appellees argue that Doe’s position is, in essence, a variation on applying the principles of the delayed discovery doctrine. As we observed in Ryan v. Lobo De Gonzalez, 841 So.2d 510, 517 (Fla. 4th DCA 2003):
“The ‘delayed discovery1 doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action.” Heamdon v. Go-aham, 767 So.2d 1179, 1184 (Fla.2000). In Heamdon, the Florida Supreme Court determined that rather than toll the statute of limitations, the delayed discovery doctrine operates to delay the accrual of a cause of action. Id. The court held that the doctrine was applicable to childhood sexual abuse cases, given the nature of the alleged tortious conduct, its effect on victims and the general application of the doctrine to tort cases. Id. at 1186.[3]
*89 The appellees further argue that the delayed discovery doctrine has not been applied to intentional torts. See Cisko v. Diocese of Steubenville, 123 So.3d 83, 84 (Fla. 3d DCA 2013); Doe v. St. John’s Episcopal Parish Day School, Inc., 997 F.Supp.2d 1279, 1286 (M.D. Fla. 2014). However, we do not agree that Doe’s argument revolving around the application of rule 1.210(b) is a variation on the application of the delayed discovery doctrine. Doe’s contention regarding the accrual of her cause of action is based on a separate rule and line of cases that are different from the principles of the delayed discovery doctrine. The rationale for protecting minors using rule 1.210(b) in conjunction with the statute of limitations (an adult must bring the action, so the adult must have knowledge of the injury) to delay accrual of the cause of action is different from the rationale for protecting minors under the doctrine of delayed discovery (the trauma of the injury induces suppression of consciousness) to delay accrual. Moreover, there is no case law which limits the application of rule 1.210(b) to intentional torts.
Second, the appellees argue that Drake is no longer good law, because the legislature amended section 95.051, Florida Statutes, in 1990, six years after Drake, to add the following regarding minors and statutes of limitations:
(1) The running of the time under any statute of limitations except ss. 95.281, 95.35, and 95.36 is tolled by:
(h) The minority or previously adjudicated incapacity of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist, has an interest adverse to the minor or incapacitated person, or is adjudicated to be incapacitated to sue; except with respect to the statute of limitations for a claim for medical malpractice as provided in s. 95.11. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.
§ 95.051(l)(h), Fla. Stat. (1990).[4] The ap-pellees contend that this subsection replaced the case law holding that the statute of limitations does not begin to run until the minor’s parents have knowledge, as well as the rule, with the enumerated scenarios. The appellees then argue that, since there were no allegations in the complaint that Doe’s parents did not exist, had an interest adverse to her, or were adjudicated to be incapacitated to sue, Doe does not qualify under the statute for a tolling of the statute of limitations.
We disagree with the appellees’ argument that Drake is no longer good law because the appellees’ argument regarding section 95.051(1), as applied to minors, misses the mark by failing to recognize that rules regarding the tolling of the statute of limitations are distinct from the rules regarding the accrual of a cause of action. As the first sentence of section 95.051(1) makes clear, the legislature is delineating a rule of tolling, not a rule of accrual of a cause of action.
To the extent that the appellees argue the last sentence of section 95.051(l)(i) (formerly section 95.051(l)(h)) creates a statute of repose applicable to this case, we deem the argument to lack merit because after enacting the statute of repose provision in section 95.051(1)© in 1990, the legislature in 2010 enacted a revision to section 95.11 which provides for an unlimited time period for pursuing a *90 cause of action when a child under the age of sixteen is a victim of sexual battery. Section 95.11(9), Florida Statutes, provides:
(9) SEXUAL BATTERY OFFENSES ON VICTIMS UNDER AGE 16.—An action related to an act constituting a violation of s, 794.011 involving a victim who was under the age of 16 at the time of the act may be commenced at any time. This subsection applies to any such action other than one which would have been time barred on or before July 1, 2010.
By enacting a provision establishing an unlimited time period for bring actions by victims of sexually battery at a time when they are younger than sixteen at the time of abuse, the legislature clearly did not intend for the statute of repose bar in section 95.051(l)(i) (or the tolling provisions) to apply. Quite simply, the entitlement to an unlimited period of time for bringing an action negates the application of any tolling or repose provision.
Notably, there is no information in the complaint to indicate when Doe’s parents knew or should have known about the abuse. To the contrary, Doe alleged that, because no one at the Academy told her parents that she reported the abuse, they were prevented from knowing through that means. In any event, the statute of limitations would “start[] running when plaintiff turned eighteen.” Doe v. Dorsey, 683 So.2d 614, 616 (Fla. 5th DCA 1996), abrogated on other grounds by Malicki v. Doe, 814 So.2d 347 (Fla. 2002). However, the issue here is that Doe did not put her birthdate or age in the complaint. Therefore, it cannot be determined at what time she reached the age of majority.
Because we have determined the cause of action did not begin to accrue until Doe’s parents knew or should have known of the abuse (or she reached age eighteen) and the statute of repose would not have extinguished the cause of action until 2011, her cause of action was still viable on July 1, 2010, when section 95.11(9) became effective. Thus, we conclude the statute of repose in section 95.051(l)(i) does not bar her action on our review limited to the four corners of the complaint.
Doe argues the failure to plead facts in her complaint is in her favor, maintaining that, since this information is not within the four corners of the complaint, dismissal was improper. In contrast, the appellees argue that it is unfair to allow a plaintiffs failure to plead a fact that would defeat his or her own claim to block a motion to dismiss. However, the law is well-settled that the facts giving rise to the motion to dismiss must be found within the four corners of the complaint, and therefore, if there is additional information required to support a fatal defense, the recourse would be a motion for summary judgment or trial. Minor v. Bnmetti, 43 So.3d 178, 179 (Fla. 3d DCA 2010) (holding that the “issue would be better addressed on a summary judgment motion or at trial, not on a motion to dismiss,” where the trial court went beyond the four corners of the complaint in granting a motion to dismiss).
We reverse the dismissal with prejudice of Doe’s complaint, and remand the case for further proceedings. Upon remand, the trial court may enter an appropriate order dismissing the complaint without prejudice.

Reversed and remanded.

Taylor and Levine, JJ., concur.

. In the trial court, three separate plaintiffs brought various causes of action against the appellees in one complaint. The causes of action by Jane Doe No. 3 were the only claims dismissed by the trial court with prejudice. Thus, the other two plaintiffs are not parties to this appeal, and, for ease of reference, we refer to the sole appellant as "Doe.”

. Kem Hussain was sued as the president of the Academy. Hussain and the Academy were represented by the same law firm below and on appeal. Because Hussain raised the same arguments as the Academy, for ease of reference, we hereafter refer to both defendants as "the Academy.”

. The rationale for the doctrine is the recognition that “the shock and confusion resultant from childhood molestation, often coupled with authoritative adult demands and threats for secrecy, may lead a child to deny or sup *89 press such abuse from his or her consciousness.” Heamdon, 767 So,2d at 1186.

. Under the current version of the statute, this subsection was renumbered as "(i).”