# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**GABRIJI, LLC,**
Appellant,

v.

**HOLLYWOOD EAST, LLC,**
Appellee.

No. 4D19-3495

[September 30, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE-19-008594 (25).

George Harder of Harder Law, Lutz, for appellant.

Brigid F. Cech Samole of Greenberg Traurig, P.A., Miami, for appellee.

KUNTZ, J.

Gabriji, LLC appeals the circuit court's final order dismissing with prejudice its amended complaint against Hollywood East, LLC. Based on the four corners of the amended complaint, we agree the court erred and reverse.

### *Background*

Gabriji entered into a purchase agreement with the seller-developer, Hollywood Station Investments, LLC, to purchase one condominium unit in HSI's proposed building. The purchase agreement provided deposit amounts for Gabriji to pay at set times. It also stated that HSI would use Gabriji's deposits in excess of 10% of the purchase price to fund the construction and development of the condominium. Based on the purchase agreement, Gabriji paid $87,425 toward construction of the condominium.

At some point after execution of the agreement, the developer stopped developing the property as a condominium and developed it as rental apartments.

In different litigation, a third party, LB Construction of South Florida, Inc., sued to foreclose a lien on HSI's debts. LB Construction did not name Gabriji or serve it with the foreclosure complaint. LB Construction's suit led to a foreclosure sale at which Hollywood East bought the property.

Returning to this case, Gabriji's lawsuit against Hollywood East sought a declaration that the foreclosure of the lien in LB Construction's lawsuit did not extinguish its interest in the condominium. Gabriji also sought declarations determining whether: it was a buyer or investor; LB Construction's foreclosure judgment was void as to Gabriji; Hollywood East could enforce the purchase agreement against Gabriji if it was not a party to it; and Gabriji was entitled to an equitable lien.

Hollywood East moved to dismiss Gabriji's amended complaint. Attached to the motion to dismiss were filings from an earlier lawsuit Gabriji filed against HSI.[1] Those attachments suggest Hollywood East intervened in the suit against HSI. They also suggest the court in the earlier case denied Gabriji's motion to amend that complaint, motion to add Hollywood East as a party, and request to file a lis pendens.

Hollywood East relied on those documents in its motion to dismiss in this case. It argued Gabriji's amended complaint was nearly identical in both cases. It also argued (1) the court's order in Gabriji's earlier suit procedurally and substantively barred the amended complaint in this case; (2) the amended complaint failed to adequately plead the elements of an equitable lien; and (3) the claim for an equitable lien was barred by the statute of limitations.

After a hearing, the court granted the motion to dismiss in an unelaborated order.

### *Analysis*

### i. The Court Erred When it Looked Beyond the Four Corners of the Complaint in Dismissing Based on Collateral Estoppel

First, we address Gabriji's argument that the circuit court erred when it looked beyond the four corners of the amended complaint in considering

---

[1] The only reference to this lawsuit in the amended complaint is an allegation that "HSI failed to perform and [Gabriji] initiated a lawsuit against HSI on January 4, 2017." But neither the cause of action nor the disposition of that lawsuit was mentioned.

Hollywood East's motion to dismiss. Gabriji argues the court decided the merits of Hollywood East's affirmative defenses based on documents not referenced in or attached to the operative pleading. On this point, we agree with Gabriji.

When considering a motion to dismiss, a court is limited to the four corners of the complaint. *Wallisville Corp., Inc. v. McGuinness*, 154 So. 3d 501, 503 (Fla. 4th DCA 2015) (citation omitted). The court may rule on affirmative defenses if allegations supporting the affirmative defenses appear on the face of the complaint. *Doe No. 3 v. Nur-Ul-Islam Acad., Inc.*, 217 So. 3d 85, 87 (Fla. 4th DCA 2017) (citation omitted). But if allegations supporting the affirmative defense do not appear within the four corners of the complaint, the court cannot consider the affirmative defense when deciding a motion to dismiss. *Id.* (citation omitted); *see also Barbado v. Green & Murphy, P.A.,* 758 So. 2d 1173, 1174 (Fla. 4th DCA 2000).

The first affirmative defense at issue is collateral estoppel.

To dismiss based on collateral estoppel, the court relied on issues arising in the earlier lawsuit Gabriji filed against HSI. Hollywood East argued Gabriji raised the same issues and asserted the same claims in that suit. But there was only one reference to that suit in Gabriji's amended complaint in this case. Gabriji's amended complaint mentioned neither the causes of action it asserted nor the court's disposition of the case.

 Hollywood East acknowledges that a court generally may not look beyond the four corners of the complaint but still argues that Gabriji's "gamesmanship" warrants dismissal under these facts. In support of the argument, Hollywood East relies on *Metropolitan Casualty Insurance Co. v. Tepper*, 969 So. 2d 403 (Fla. 5th DCA 2007). In *Tepper*, the Fifth District held that the appellant waived its argument—that the trial court erred in looking beyond the four corners of the appellee's complaint—because there was no sign that the appellant raised it in the circuit court. *Id.* at 405. The court also noted that the appellant did not dispute the facts relevant to resolution of the motion to dismiss. *Id.* The court held that "[a] trial court is not bound by the four corners of the complaint where the facts are undisputed and the motion to dismiss raises only a pure question of law." *Id.* (citing *Ground Improvement Techniques, Inc. v. Merchants Bonding Co.*, 707 So. 2d 1138 (Fla. 5th DCA 1998)).

Here, the parties do dispute the facts, and *Tepper* is distinguishable. The four corners of Gabriji's amended complaint contained insufficient

allegations for the court to reach the merits of the collateral estoppel affirmative defense.

### ii. Gabriji Pleaded a Claim for Equitable Lien

Next, we address the court's conclusion that Gabriji failed to adequately plead a claim for equitable lien in the amended complaint.

A court may impose an equitable lien to prevent unjust enrichment. *Tribeca Lending Corp. v. Real Estate Depot, Inc.*, 42 So. 3d 258, 262 (Fla. 4th DCA 2010) (citing *Plotch v. Gregory*, 463 So. 2d 432, 436 n.1 (Fla. 4th DCA 1985)). It is "'a right granted by a court of equity, arising by reason of the conduct of the parties affected which would entitle one party as a matter of equity to proceed against' certain property." *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006) (quoting *Epstein v. Epstein*, 915 So. 2d 1272, 1275 (Fla. 4th DCA 2005)). "Such a lien 'may be declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings.'" *Id.* (quoting *Plotch*, 463 So. 2d at 436).

Hollywood East argues Gabriji failed to plead a claim for unjust enrichment. But unjust enrichment and an equitable lien are two distinct claims. *See id.* at 1060. Unjust enrichment is an implied contract action arising at law, *id.* at 1060 n.1, while an equitable lien is an action in equity when no adequate remedy exists at law, *Jones v. Carpenter*, 106 So. 127, 128–29 (Fla. 1925).

Gabriji's amended complaint alleged that Hollywood East was unjustly enriched by accepting Gabriji's improvements to the land with the prior owner's consent. Gabriji alleged that it was a buyer of property and paid monetary deposits used to develop the property. But Gabriji did not receive a return of the deposit or the property. Hollywood East later acquired title to the property through a foreclosure action, but Gabriji was not a party to the foreclosure suit.

In *Delbros Machine & Tool Co. v. Board of Trustees of the Internal Improvement Fund of State*, 512 So. 2d 1131 (Fla. 4th DCA 1987), this Court addressed a somewhat analogous situation. There, the plaintiff was a tenant in possession of real property that made improvements to the property under an alleged agreement with the landlord that the landlord would compensate it. *Id.* at 1132. The defendant acquired the property through a statutory forfeiture proceeding, but the plaintiff was not joined in that action. *Id.* The plaintiff's complaint sought an equitable lien and other equitable relief against the defendant. *Id.* at 1131. On appeal, we

4

concluded that the complaint stated a cause of action for equitable relief. *Id.* at 1132 (citations omitted).

As in *Delbros*, Gabriji alleged that Hollywood East was unjustly enriched, Gabriji's funds were used to make improvements to the property, Hollywood East now owns that property, and Gabriji's interest was not foreclosed.

"A circumstance justifying the imposition of an equitable lien exists 'when the claimant has furnished funds for the improvement of land with the knowledge and consent of the owner.'" *Plotch*, 463 So. 2d at 436 (quoting *Wagner v. Roberts*, 320 So. 2d 408, 410 (Fla. 2d DCA 1975)). While Hollywood East argues it was not in privity of contract with Gabriji, our review is limited to the four corners of Gabriji's amended complaint. In the amended complaint, Gabriji alleged that Hollywood East was trying to enforce certain portions of the purchase agreement against it. Accepting those allegations as true, Gabriji adequately pleaded a claim for equitable lien.

### iii. The Claim for Equitable Lien was not Barred by a One-Year Statute of Limitations

Lastly, Hollywood East argues Gabriji's equitable lien claim was barred by the applicable statute of limitations. It argues the statute of limitations for "[a]n action to enforce an equitable lien arising from the furnishing of labor, services, or material for the improvement of real property" is one year. *See* § 95.11(5)(b), Fla. Stat. (2019).

Accepting the allegations in the amended complaint as true, Gabriji executed a purchase agreement with HSI, the seller-developer, in 2014. Gabriji's funds in excess of 10% of the purchase price were used to construct the property. Because of HSI's breach of the purchase agreement, Gabriji sued HSI on January 4, 2017. Based on these allegations, Hollywood East argues that Gabriji's last contribution for improvement to the property was before January 4, 2017, and Gabriji's claim for an equitable lien against Hollywood East—originally filed in April 2019—is barred by the one-year statute of limitations.

Gabriji argues it is not clear from the face of the amended complaint that section 95.11(5)(b) is the applicable limitations period. As quoted above, that section applies to claims for an "equitable lien arising from the furnishing of labor, services, or material for the improvement of real property." § 95.11(5)(b), Fla. Stat. Gabriji argues it did not furnish any labor, services, or materials within the plain meaning of section

5

95.11(5)(b); instead, it contracted to purchase property, and a portion of the funds was used to develop the property.

Hollywood East argues the status of Gabriji as a contractor or purchaser is irrelevant and that Gabriji fails to point to any authority applying a limitations period other than that in section 95.11(5)(b). In support of its position that section 95.11(5)(b) applies, Hollywood East relies on *Jax Utilities Management, Inc. v. Hancock Bank*, 164 So. 3d 1266 (Fla. 1st DCA 2015). Jax was a contractor that signed an agreement with the owner to develop a building project. *Id.* at 1268. After the owner defaulted on the project, Hancock Bank obtained a foreclosure judgment and later obtained title to the property. *Id.* Jax sued Hancock Bank for an equitable lien and unjust enrichment. *Id.* On appeal of the circuit court's dismissal order, the First District held that section 95.11(5)(b)'s plain language requires "that a claim for an equitable lien be brought within one year of the last furnishing of labor, services, or material for the improvement of real property." *Id.* at 1269 (citation omitted); *see also Roehner v. Atl. Coast Dev. Corp.*, 356 So. 2d 1296, 1297 (Fla. 4th DCA 1978) (reversing with instructions to dismiss complaint with prejudice because it was "inescapably clear from the face of the complaint that the suit was filed beyond the statutory period" in § 95.11(5)(b) (citation omitted)).

The language of the statute is clear. A one-year limitations period applies to "an action to enforce an equitable lien arising from the furnishing of labor, services, or material for the improvement of real property." § 95.11(5)(b), Fla. Stat. In essence, Hollywood East argues that this period applies to all equitable lien claims. We disagree. The legislature included only a limited set of claims in the shortened one-year limitations period: those "arising from the furnishing of labor, services, or material for the improvement of real property." *See* § 95.11(5)(b), Fla. Stat.

"Under the principle of statutory construction, *expressio unius est exclusio alterius*," also known as the negative-implication canon, "the mention of one thing implies the exclusion of another." *Brown v. State*, 263 So. 3d 48, 51 (Fla. 4th DCA 2018) (quoting *Young v. Progressive Se. Ins. Co.*, 753 So. 2d 80, 85 (Fla. 2000)); *see also Estate of Cummings v. Davenport*, 906 F.3d 934, 942 (11th Cir. 2018) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 10, at 107 (2012)).

Applying that canon here, the statute includes multiple situations that fall within the shortened limitations period, and the "conclusion that the expression of all of these [claims] implies the exclusion of others . . . is

6

inescapable." *See Davenport*, 906 F.3d at 942 (internal quotation marks and citation omitted); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283–84 (11th Cir. 2016) (applying the negative-implication canon to a statute that arose in three stated situations and concluding the statute did not apply in other situations).

Further, if the legislature intended to include all equitable lien claims in the shortened period, it was unnecessary to list any specific type of equitable lien claims. The statute could have simply stated that the one-year limitations period applies to "an action to enforce an equitable lien" without more. To apply the one-year period to all equitable lien claims would render the remaining text surplusage.

Gabriji provided funds, not labor, services, or materials. Based on the four corners of the amended complaint, section 95.11(5)(b) does not apply.

### *Conclusion*

Based on the four corners of the amended complaint, the court erred in dismissing the lawsuit with prejudice. We reverse the dismissal and remand for further proceedings.

*Reversed and remanded for further proceedings.*

LEVINE, C.J., and SHEPHERD, CAROLINE, Associate Judge, concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

7