FERGUSON, Judge.
Plaintiffs, a mother and her minor daughter, instituted a lawsuit on July 24, 1981, against a private church school and a teacher.[1] Their complaint alleged that the defendants breached a written contract in that the teacher assigned to educate and train the minor child during the 1976-77 school year and some time thereafter induced the child to engage in sexual activity. Alternatively, they alleged that the sexual abuse of the minor occurred through (1) negligence of the defendant school, (2) negligent hiring and retention of the assailant teacher, and (3) battery by the teacher in the course and scope of his employment. Plaintiffs further claimed that the defendants fraudulently concealed those wrongful acts until July 1981.
This appeal is brought from an order dismissing plaintiffs’ third amended complaint for failure to state a claim upon which relief can be granted. The trial court held that (1) the student application form attached to plaintiffs’ third amended complaint does not constitute an enforceable written contract, therefore the five-year statute of limitations in Section 95.-ll(2)(b), Florida Statutes (1983) is inapplicable, and (2) the claims in both oral contract and tort are subject to, and barred by the four-year statute of limitations in Section 95.11(3), since the cause of action accrued prior to the end of the school year in June 1977.
Plaintiffs contend that because defendants fraudulently concealed their wrongful acts until July 1981, the statute of limitations was tolled and did not commence to run on either the tort or contract action until that date. Defendant-church maintains that the statute began to run on the date of the alleged wrongful act, as the minor child at that time had knowledge of the injury, and therefore, the cause of action. The questions we must decide are whether the statute of limitations begins to run against a minor child when the child knew or should have known that a cause of action exists based on injury to the child, and whether such knowledge may be imputed to the parent so as to begin the running of the statute on an action for the parent’s own cause of action. We answer no to these questions and hold that, for the purpose of a motion to dismiss, the period of limitation did not begin to run until July 1981, so that both plaintiffs’ claims were timely commenced.
Generally, the statute of limitations begins to run when a plaintiff has been put on notice of his right of action. City of Miami v. Brooks, 70 So.2d 306 (Fla.1954); Smith v. Continental Insurance Co., 326 So.2d 189 (Fla. 2d DCA 1976). Here, the complaint alleges that plaintiff-mother did not have knowledge of her cause of action until July 1981, due to the defendants’ fraudulent concealment of the wrongful act. Even without the application of the doctrine of fraudulent concealment, and taking the well-pleaded allegations of the complaint as true (which we are bound to do on a motion to dismiss, Williams v. Howard, 329 So.2d 277 (Fla.1976)), the limitation period did not bégin to run as to the mother’s claims until she was first put on notice of her right of *1144 action in July 1981. There is no support for defendant-church’s contention that the knowledge of the minor child may be somehow imputed to the parent as a matter of law so as to time-bar a claim for damages by the parent.
The more provocative part of the question is whether the minor child’s knowledge of the wrongful acts will start the running of the limitations period against her claims. It is elementary that:
A cause of action cannot be said to have accrued, within the meaning of [the statute of limitations], until an action can be instituted thereon. There must be some person capable of suing or being sued upon the claim in order for the statute to begin to run.
Berger v. Jackson, 156 Fla. 251, 259-60, 23 So.2d 265, 269 (1945) (holding that where a cause of action accrues after the death of the person against whom it lies, the limitation period does not begin to run until there is a grant of administration to the estate). Accord Coe v. Finlayson, 41 Fla. 169, 26 So. 704 (1899). In Florida, a minor child is incapable of bringing an action in his own behalf. See Fla.R.Civ.P. 1.210(b). It follows, then, that the statute of limitations could not begin to run against the minor child in the present case until the parent knew or reasonably should have known those facts which supported a cause of action. Since the complaint in this action alleges that the parent did not have this knowledge, the statute did not commence to run as a matter of law against the minor child.
Several cases decided by courts of this state support our holding. Cf. Nardone v. Reynolds, 333 So.2d 25 (Fla.1976) (statute of limitations in medical malpractice case began to run as to the parents and legal guardians of the incompetent minor in their own right, as to parents and legal guardians of minor as next friends in behalf of minor, and as to incompetent minor in his own behalf when parents were on notice of possible invasion of their legal rights); Roberts v. Casey, 413 So.2d 1226 (Fla. 5th DCA), rev. denied, 424 So.2d 763 (Fla.1982) (statute of limitations in medical malpractice action began to run against both hospital and physician when parents discovered that child’s condition might have been caused by negligent act); Almengor v. Dade County, 359 So.2d 892 (Fla. 3d DCA 1978) (statute of limitations in medical malpractice action began to run when plaintiff — mother was aware or should have been aware that baby was born mentally retarded and thereafter showed signs of mental retardation and abnormal development).
The defendant-church relies on a series of cases which, it contends, dictate a contrary result. We find those cases distinguishable. In Slaughter v. Tyler, 126 Fla. 515, 171 So. 320 (1936), overruled on other grounds, Manning v. Serrano, 97 So.2d 688 (Fla.1957), the Florida Supreme Court faced the issue whether the statute of limitations is tolled by the disability of infancy. There, a minor had been negligently operated upon by a physician. The minor brought suit after the limitation period had expired. The court held that in the absence of a legislative expression of will to the contrary, the statute of limitations was not tolled because of infancy. In Slaughter there was no contention by the parents of the minor child that they were without knowledge of the fact and cause of the child’s injuries. Slaughter is therefore inapplicable. For the same reasons, the defendant-church’s reliance on Velazquez v. Metropolitan Dade County, 442 So.2d 1036 (Fla. 3d DCA 1983) is misplaced.[2]
*1145 The complaint must be reinstated because, even applying the four-year period of limitation in Section 95.11(3), Florida Statutes (1983), from the face of the complaint (which alleges that the parent had no knowledge of the cause of action until July 1981) the suit is not time-barred. See Wimpey v. Sanchez, 386 So.2d 1241 (Fla. 3d DCA 1980), quashed on other grounds 409 So.2d 20 (Fla.1982) (dismissal of plaintiffs’ action proper only if defendants show conclusively from the face of complaint that the cause of action is barred by the statute of limitations).
Reversed and remanded for further proceedings.

. The defendant-teacher is not a party to this appeal. He was never served with process.

. The one case which seems to support the argument of defendant-church is Gasparro v. Horner, 245 So.2d 901 (Fla. 4th DCA 1971), cited in the Velazquez decision. In Gasparro, a four-year-old was orphaned in an automobile accident in March of 1964, and she suffered serious injuries from the collision. The minor was adopted in November 1965. In April of 1968, her adoptive parents filed a negligence action, which the trial court found was barred by the four-year statute of limitations. The fourth district initially affirmed without opinion. The dissent found Slaughter distinguishable because in Slaughter, the minor, at all times, had parents who could bring the action in her behalf. In Gasparro, however, the infant had no parent, *1145 guardian, next friend, or other representative during the statutory period. The dissenter found it inconceivable to expect a minor to go out and "find" a next friend. On rehearing, the majority adhered to the affirmance but responded to the dissent, writing that in the absence of a statute, and in light of Slaughter, the limitation was not tolled despite the resultant hardship. This writer believes, as did the dissenter in Gasparro, that Slaughter is easily distinguishable, and therefore that Gasparro was wrongfully decided.
This writer responds briefly to the special concurrence. Legal relationships are usually created by court action. An administrator or guardian, for example, is named by order of the court. A next friend relationship, similarly, does not exist until some competent person is appointed by the court or on his own initiative commences an action in the name of one who is incapable of suing in his own behalf. See Russick v. Hicks, 85 F.Supp. 281, 283 (W.D.Mich. 1949) (cited in Gasparro, 245 So.2d at 903 n. 4). I disagree with the concurrence to the extent it suggests that a "next friend” exists, for the purpose of the limiting statute, even though there has been no court recognition of the relationship. See Youngblood v. Taylor, 89 So.2d 503, 505 (Fla.1956) (a next friend is an officer of the court, especially appearing to look after the interests of the minor whom he represents). A next friend in the air, so to speak, will not do.
In response to the dissent, the majority does not rely on the doctrine of fraudulent concealment. Instead, our view is that the statute of limitations did not begin to run until the minor’s parents were put on notice of the causes of action. For this reason, it does not matter here why the parents were without notice. The question whether the parents should have known of the incident prior to July 1981 is one of fact and is inappropriate for resolution on a motion to dismiss.