HALL, Judge.
Pursuant to chapter 409, Florida Statutes, appellant, Florida Department of Health and Rehabilitative Services on behalf of Catherine Powell, filed a petition seeking child support for her grandchildren from their mother, Althea Powell, appellee. Catherine Powell is the maternal grandmother of the three minor children and had been entrusted with their care by appellee, their mother. Catherine Powell had agreed to care for the children until such time as appellee was able to care for the children, with the understanding that appellee would ultimately provide a permanent residence for the children. Appellee failed to file any pleadings in response to the petition, and as a result thereof, a default was duly entered. At final hearing the trial court entered an order denying the petition for child support finding that “the minor children have never been declared dependent pursuant to the definition of Chapter 39 of Florida Statutes,” and that the petition does not fall within the preview of chapter 409, Florida Statutes.
Appellant contends that the children are dependent children within the meaning of chapter 409, Florida Statutes, and that the grandmother is the proper party entitled to seek the assistance of the Florida Department of Health and Rehabilitative Services in bringing an action for support of the children under chapter 409, Florida Statutes.
We agree. Section 409.2554(2), Florida Statutes, defines a dependent child as “any person under the age of 18, or under the age of 21 and still in school, who has been deprived of parental support or care by reason of death, continued absence from the home, or physical or mental incapacity of a parent.” The record reflects that the mother is absent from the home. We therefore hold that the children are dependent children as defined under section 409.-2554(2), Florida Statutes, and that any declaration of dependency by a court under chapter 39, Florida Statutes, is not a necessary prerequisite to a support order under chapter 409, Florida Statutes.
In the case of Cronebaugh v. Van Dyke, 415 So.2d 738, 741 (Fla. 5th DCA 1982), the court held that “[wjhile it is under the disability of minority, the child’s right to support must be enforced by a legal representative, such as a guardian or other like fiduciary, a guardian ad litem or a next friend.... ” Since the children were voluntarily placed with the grandmother and she has consensual custody of the children, she is a proper party entitled to seek assistance of the Florida Department of Health and Rehabilitative Services in bringing an action for support of the children under chapter 409, Florida Statutes.
According to section 409.245, the Department of Health and Rehabilitative Services shall assist applicants in bringing proceedings to enforce support against such persons who are liable for support under the laws of Florida. We must certainly consider the grandmother in this case as at least “a next friend" entitled to seek aid for dependent children and entitled to assistance from the Department of Health and Rehabilitative Services in bringing the proceeding to enforce support.
Reversed and remanded with directions to the trial court to determine the amount of support to which the children are entitled and order appellee to pay such support.
SCHEB, A.C.J., and FRANK, J., concur.