PER CURIAM.
The plaintiff, N.G., appeals from a final summary judgment entered in favor of the *1165 defendants, Arvida Corporation, David B. Mesoroll, Jr., Arvida Management Co., Country Walk Master Association, Inc., Country Walk Estate Homes Association, Inc., Country Walk Patio Homes Association, Inc., and State of Florida Department of Health and Rehabilitative Service [collectively referred to as the Defendants] finding that his cause of action is barred by the statute of limitations. We affirm.
The only issue in this case is whether the plaintiffs action is barred by the four-year statute of limitation governing negligence actions. The plaintiff contends that the statute of limitations was tolled because the plaintiff did not have access to the courts to prosecute his claim for damages. The Defendants, on the other hand, contend that the four-year limitations period had already run as of the date of the July 31, 1991, action.
The record reveals that this cause of action accrued on August 10, 1984, the date on which the plaintiffs abuser was actually arrested on charges of sexual child abuse and the last possible date on which the plaintiff could have been abused. Lindabury v. Lindabury, 552 So.2d 1117 (Fla. 3d DCA 1989), appeal dismissed, 560 So.2d 233 (Fla.1990). This negligence action must have been commenced within four years of the accrual date, or by August 9, 1988. See § 95.11(3)(a), Fla.Stat. (1983).
Rule 1.210, Florida Rules of Civil Procedure (1983), allows an infant to bring an action by next friend or by a guardian ad litem. Anyone who was aware of the plaintiffs predicament had the authority to and could assert the plaintiffs legal rights. No one acted on the plaintiffs behalf. Thus, during the relevant time period of August 10, 1984 through August 9, 1988, the plaintiff had access to the courts. Accordingly, the limitations period was not tolled and the trial court correctly determined that the applicable statute of limitations had run on the plaintiffs action.