664 So.2d 1094 (1995)
D.B. and J.B., Her Husband, Appellants,
v.
CCH-GP, INC., Appellee.
No. 94-04339.
District Court of Appeal of Florida, Second District.
December 8, 1995.
John M. Cooney of Anderson, Moss, Parks & Sherouse, P.A., Miami; and Robert L. Parks of Haggard & Parks, P.A., Coral Gables, for Appellants.
Gail Leverett Parenti of Parenti, Falk, Waas & Frazier, Coral Gables for Appellee.
*1095 SCHOONOVER, Acting Chief Judge.
The appellants, D.B. and J.B., her husband, challenge a summary judgment in favor of the appellee, CCH-GP, Inc. We reverse.
On May 24, 1993, the appellants filed an action seeking damages sustained as a result of D.B.'s contracting the AIDS virus (Acquired Immune Deficiency Syndrome) as a result of a blood transfusion she received while in a hospital in May or June of 1985. When it was discovered that the blood was sold to the hospital by the appellee, an amended complaint adding the appellee as a party defendant was filed on January 3, 1994. That part of the appellants' complaint pertinent to this appeal alleged generally that the appellee owed a duty to D.B., that it was negligent because it failed to identify and exclude donors at high risk for AIDS because it failed to test and screen donated blood for HIV (Human Immunodeficiency Virus), and that because of its negligence, D.B. contracted AIDS.
The appellee moved for a summary judgment on the ground that the statute of limitations barred the appellants' cause of action. The appellee alleged that D.B. either knew or with the exercise of reasonable diligence could have known that she had contracted the AIDS virus within four months of her hospitalization, and therefore, the four year statute of limitations had expired. The trial court granted the appellee's motion and the appellants filed a timely notice of appeal from the final summary judgment.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). Additionally, the burden is on the party moving for a summary judgment to demonstrate conclusively that the nonmoving party cannot prevail. Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). If the record reflects, as it does in this case, the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Snyder. See also Moore v. Morris, 475 So.2d 666 (Fla. 1985).
The statute of limitations begins to run from the time the cause of action accrues. § 95.031, Fla. Stat. (1993). See Bauld v. J.A. Jones Constr. Co., 357 So.2d 401 (Fla. 1978). A cause of action accrues when the last element constituting the cause of action occurs. § 95.031(1). See Bauld. In a negligence action the last element occurs, and thus the cause of action accrues, when the plaintiff knew, or through the exercise of due diligence should have known, of the invasion of his or her legal rights. Keller v. Reed, 603 So.2d 717 (Fla. 2d DCA 1992).
Although the evidence presented to the trial court concerning D.B.'s knowledge or due diligence in discovering that she had contracted the AIDS virus was conflicting and would support a finding that she knew or should have known at a time more than four years from when she commenced her action, the same evidence would support a contrary result. The appellee, accordingly, did not carry its burden of establishing it had a right to a summary judgment. We reverse and remand for further proceedings.
Reversed and remanded.
FRANK and PARKER, JJ., concur.