704 So.2d 583 (1997)
S.A.P., Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 96-2375.
District Court of Appeal of Florida, First District.
September 3, 1997.
*584 Jay C. Howell of Anderson & Howell, P.A., Jacksonville Beach, for Appellant.
Robert A. Butterworth, Attorney General; Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, Judge.
S.A.P. appeals a final order which dismissed with prejudice her second amended complaint against appellee, State of Florida Department of Health and Rehabilitative Services (HRS), based upon the application of the statute of limitations, section 768.28(12), Florida Statutes (1993). This section provides, with certain exceptions not applicable here, that a claim against the state must be brought within four years after such claim accrues. S.A.P. argues, and we agree, that because her complaint sufficiently alleges factual bases for tolling the statute, it cannot be said that the defense of the statute of limitations affirmatively appears on the face of the complaint. Accordingly, it was error to dismiss her complaint with prejudice and we reverse.

Procedural Posture and Issue Presented
As this court explained in Hanano v. Petrou, 683 So.2d 637, 638 (Fla. 1st DCA 1996):
In ruling on a motion to dismiss a complaint for failure to state a cause of action, the trial court must confine itself to the allegations contained within the four corners of the complaint. Generally, the statute of limitations is an affirmative defense. Nevertheless, "[a]ffirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b) ..." Rule 1.110(d), Fla. R. Civ. P. Thus, where facts supporting the application of the statute affirmatively appear on the face of the complaint, the statute of limitations may be raised by motion to dismiss. (Citations omitted).
Because the order on appeal was entered in response to a motion to dismiss, the broad question presented by the instant case is whether the application of the statute appears on the face of the complaint. Although the complaint on its face shows that the alleged tortious actions occurred more than four years prior to the filing of the action, the complaint also alleges facts which, S.A.P. argues, toll the running of the statute of limitations. The more narrow issue before us, *585 then, is whether the allegations of the complaint are sufficient to toll the running of the statute so that the application of the statute cannot be said to appear on the face of the complaint.

Fraudulent Concealment
S.A.P.'s complaint alleges that in 1979, when she was a four year-old child in foster care supervised by HRS, she was subjected to physical injury, including burns, beatings, and malnourishment, due to the negligent failure of HRS to supervise and monitor her foster care placement and to remove her from the foster care parent. Paragraph 13 of her complaint alleges:
The department, during the plaintiff's minority, actively concealed the facts concerning the negligence that is the basis of this complaint. Any records concerning the negligence complained of were, by Florida Statute and by the active efforts of the defendant, concealed from the public and those involved in the care of the plaintiff. The defendant department obstructed the law enforcement investigation of the abuse of the plaintiff and her sister in 1979. In the report of the internal investigation conducted by the defendant and released on December 21, 1992, it was first revealed that law enforcement officials alleged that employees of the defendant obstructed the criminal investigation of the 1979 abuse and neglect of the plaintiff. The department's own internal investigation, reported on December 21, 1992, also revealed for the first time that the case worker charged with the duty to supervise the placement of the plaintiff and her sister falsified records so that it appeared that the case worker had conducted monthly supervision visits with the plaintiff and her sister. The records reveal that the foster home was frequently visited and that S.A.P. and her sister were doing fine. Had any interested adult examined these records prior to December 21, 1992, they would have been misled into believing that the department had reasonably, appropriately, and lawfully discharged its supervision duties. The negligence of the department was concealed by these falsified records.
As a general rule, fraudulent concealment constitutes an implied exception to the statute of limitations, postponing the commencement of the running of the statute until discovery or reasonable opportunity of discovery of the concealment by the owner of the cause of action. See generally, 51 Am. Jur.2d, Limitation of Actions § 147 (1970). As stated in Nardone v. Reynolds, 333 So.2d 25, 39 (Fla.1976), modified on other grounds, Tanner v. Hartog, 618 So.2d 177 (Fla.1993):
[T]he statute of limitations will be tolled when it can be shown that fraud has been perpetrated on the injured party sufficient to place him in ignorance of his right to a cause of action or to prevent him from discovering his injury.
To establish fraudulent concealment sufficient to toll the statute, the plaintiff must show both successful concealment of the cause of action and a fraudulent means to achieve that concealment. Id. 333 So.2d at 37. See also, Berisford v. Jack Eckerd Corp., 667 So.2d 809, 811 (Fla. 4th DCA 1995).
We conclude that, based on the allegations of the complaint, S.A.P. has sufficiently stated both a cause of action for negligence and the equitable principle of fraudulent concealment. Accordingly, the defense of the statute of limitations does not affirmatively appear on the face of the complaint.

Lack of Knowledge of Facts Supporting Cause of Action
Further, we also agree with S.A.P. that under the unique facts alleged here, even if the allegations of the complaint were not sufficient to invoke the doctrine of fraudulent concealment, this action should be permitted to proceed because S.A.P. has sufficiently alleged that during her minority there was no one acting on her behalf, no friend or guardian, who could have filed suit on her behalf.
Under Florida Rule of Civil Procedure 1.210 a minor is incapable of bringing an action on his or her own behalf, but can only sue by and through a guardian ad litem, next friend, or other duly appointed representative. *586 Thus, the statute of limitations will begin to run as to the parents or the legal guardian of the minor, in their capacity of next friend, when the parents or guardian knew or reasonably should have known of the invasion of legal rights. Drake v. Island Community Church, Inc., 462 So.2d 1142, 1144 (Fla. 3d DCA 1984), pet. for rev. denied, 472 So.2d 1181 (Fla.1985).
In Drake, the court reversed a dismissal of the complaint under the statute, concluding that a limitations period is tolled during a child's minority when the parents or next friend are without knowledge of the facts supporting a right of action. In Drake, a breach of contract action brought by the mother and minor child against the private school, the statute of limitations was deemed not to begin on the mother's claim until she learned of her child's sexual abuse by a teacher and was thereby put on notice of her right of action. Similarly, here, the statute could not begin to run against the minor child until a parent, guardian, or next friend knew or reasonably should have known of facts which supported the child's cause of action.
S.A.P. alleges that her natural parents were unable to file suit on her behalf because they were unaware of the facts and circumstances surrounding the negligence which occurred during 1979. Although she had been placed in an adoptive setting for approximately six years,[1] she alleges:
(15) The plaintiff was unable to bring this cause of action during the time she was adopted because her adoptive parents had no knowledge of the facts and circumstances as alleged in the complaint. The plaintiff's adoptive parents were dependent upon the defendant itself for any and all information concerning the events alleged in this complaint and the past history of the plaintiff. The adoptive parents did not have access to the plaintiffs [sic] records which were in the custody of the defendant. The records of the facts underlying this cause of action were confidential and had been altered.
Moreover, she alleges a series of conflicts of interest which prevented a "next friend" from bringing action on S.A.P.'s behalf:
(16) The defendant itself had a conflict of interest in disclosing information to the adoptive or natural parents or any other person which might have caused it to be the subject of this claim. The defendant concealed the underlying facts from the plaintiff, her adoptive parents, and others involved in the child's life. The adoptive parents had a conflict of interest with the plaintiff because they knew the defendant could seek the termination of the adoptive setting of the plaintiff and terminate the relationship between the adoptive parents and other children placed in their care by the defendant if they made inquiries about the plaintiff's past or if a claim on the plaintiff's behalf were asserted. Under these circumstances, the plaintiff had no reasonable access to the courts until her majority on August 8, 1994[sic]. Throughout the adoption the defendant had no interest in disclosing the underlying facts and only conducted a formal full scale investigation on December 21, 1992. The plaintiff reported to the defendant that she was sexually abused by the adoptive father during her adoption. This was a second source of conflict of interest between the adoptive parents and the plaintiff.
Finally, S.A.P. alleges that she had little or no actual memory of the incident which serves as the basis of this complaint.
We distinguish N.G. v. Arvida Corp., 630 So.2d 1164 (Fla. 3d DCA 1993), cited by HRS to support dismissal. In N.G., the cause of action accrued on August 10, 1984, the date on which the plaintiff's abuser was arrested on charges of sexual child abuse and the last possible date on which the plaintiff could have been abused. After the four-year statute of limitations had expired, on behalf of the minor child the adoptive father brought a negligence action arising from the alleged sexual abuse against the home associations and others. Noting that rule 1.210 allows an infant to bring an action by next friend or by *587 a guardian ad litem, the N.G. court said: "Anyone who was aware of the plaintiff's predicament had the authority to and could assert the plaintiff's legal rights. No one acted on the plaintiff's behalf." Id. at 1165. Although the N.G. opinion does not explain the "plaintiff's predicament," it appears that the child abuse was open and notorious and well-known. In the instant case, however, it has been alleged that S.A.P.'s records were confidential under Florida law and that, unlike N.G., no one, no natural parent, no adoptive parent, no guardian ad litem, and no next friend, was aware of HRS's negligence in the supervision of S.A.P.

Section 95.051(1)(h) Not Applicable
Finally, we cannot agree with the trial court that, on the facts alleged in this complaint, section 95.051(1)(h), Florida Statutes (1993), mandates that S.A.P. must have commenced a cause of action within seven years of the alleged negligent acts of HRS, or by 1986. This statute provides, with an exception not applicable here, that the running of the applicable statute of limitations is tolled by:
The minority or previously adjudicated incapacity of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist, has an interest adverse to the minor or incapacitated person, or is adjudicated to be incapacitated to sue....
In section 95.051(1)(h), the legislature also established a seven-year period of repose for actions to which subparagraph (1)(h) applies by providing that: "In any event, the action must be begun within seven years after the act, event, or occurrence giving rise to the cause of action."
The 1990 law which added subsection (1)(h) to section 95.051, however, expressly applies only "to causes of action accruing on or after the effective date." Ch. 90-105, § 3, Laws of Fla. (1990). The effective date of chapter 90-105 was June 17, 1990. Because it is not clear from the facts set forth on the face of this complaint that the alleged causes of action accrued after June 17, 1990, see D.B. v. CCH-GP, Inc., 664 So.2d 1094, 1095 (Fla. 2d DCA 1995), the trial court erred in dismissing the instant action based upon the section 95.051(1)(h) statute of repose.
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] In 1984, S.A.P. was placed in an adoptive setting, where she remained until May 1990. From May 1990 to her 18th birthday on August 8, 1993, she apparently returned to HRS custody and supervision.