WALLACE, Judge.
Scott Christopher Weaver (the Former Husband) appeals the final judgment that dissolved his marriage to Bethany Ann Weaver (the Former Wife). There is no cross-appeal. On appeal, the Former Husband raises three issues. First, the Former Husband argues that the trial court erred in allocating uncovered medical, vision, or dental expenses for the parties’ three minor children equally between the parties instead of in accordance with the parties’ respective shares of the child support obligation. The remaining two issues raised by the Former Husband concern the time-sharing (visitation) schedule established by the trial court. We agree with the Former Husband that the trial court erred in allocating financial responsibility for the uncovered medical expenses for the parties’ three minor children, and we reverse that portion of the final judgment. The two issues raised by the Former Husband concerning the time-sharing schedule are without merit and do not warrant further discussion.
The Former Wife properly concedes that the allocation of the uncovered medical expenses is in error and that the final judgment should be corrected to allocate the uncovered medical expenses in accordance with the child support guidelines. Section 61.30(8), Florida Statutes (2010), provides, in pertinent part, that “any noncovered medical, dental, and prescription medication expenses of the child, shall be added to the basic obligation unless these expenses have been ordered to be separately paid on a percentage basis.” If, as in this case, such expenses have been ordered to be separately paid, “absent some logically established rationale in the final judgment to the contrary, [they] must be allocated in the same percentage as the child support allocation.” Zinovoy v. Zinovoy, 50 So.3d 763, 764-65 (Fla. 2d DCA *1030 2010); see also Wilcox v. Munoz, 35 So.3d 136, 141 (Fla. 2d DCA 2010) (“It is error for the court to equally divide the noncov-ered medical, dental, and prescription medication expenses when the court arrives at an unequal percentage share of child support.”); O’Byrne v. Miller, 965 So.2d 316, 317-18 (Fla. 2d DCA 2007) (noting same).
Here, the trial court did not add the uncovered medical expenses to the basic child support obligation when calculating each parties’ share of the child support obligation. Instead, the trial court ordered that each party “be equally responsible (50% each) for any and all uncovered medical, vision, or dental expenses related to the minor children, including psychiatric care and medicines that are uncovered by their insurance provider.” This was error because any uncovered medical expenses should have been “allocated in the same percentage as the child support allocation.” Zinovoy, 50 So.3d at 764-65. In this case, the uncovered expenses should have been allocated 19.45% to the Former Husband and 80.55% to the Former Wife.
In his issue statement concerning the allocation of the uncovered medical expenses, the Former Husband also made a perfunctory reference to the allocation of the parenting coordinator fees. However, the Former Husband did not address this issue in the body of his argument. For this reason, we deem any issue concerning the trial court’s allocation of responsibility for payment of the parenting coordinator fees to be abandoned. See Fla. R.App. P. 9.210(b)(5) (providing that an initial brief shall include “[a]rgument with regard to each issue including the applicable appellate standard of review”); Mendoza v. State, 87 So.3d 644, 663 n. 16 (Fla.2011).
For the foregoing reasons, we reverse the final judgment of dissolution of marriage to the extent that it allocates equally between the parties responsibility for payment of uncovered medical, vision, or dental expenses for the parties’ minor children. On remand, the trial court shall amend the final judgment to allocate these expenses in accordance with the parties’ respective shares of the child support obligation. In all other respects, we affirm the final judgment of dissolution of marriage.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and CRENSHAW, JJ., Concur.