NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

D.H. and L.H., minor children, by and )
through their next friends and permanent )
guardians, R.H. and S.H., )
 )
       Appellants, )
 )
v. )       Case No. 2D15-304
 )
ADEPT COMMUNITY SERVICES, INC.; )
and B.E.A.R.R., INC., )
 )
       Appellees. )
————————————————)
 )
B.E.A.R.R., INC., )
 )
       Appellant, )
 )
v. )       Case No. 2D15-677
 )
D.H. and L.H., minor children, by and )
through their next friends and permanent )
guardians, R.H. and S.H., )       CONSOLIDATED
 )
       Appellees. )
————————————————)

Opinion filed April 5, 2017.

Appeals from the Circuit Court for Pinellas
County and pursuant to Fla. R. App. P.
9.130 from the Circuit Court for Pinellas
County, Jack St. Arnold and John Schaefer,
Judges.

Howard M. Talenfeld and Nicole R. Coniglio
of Talenfeld Law, Fort Lauderdale; and

Richard A. Filson of Filson & Penge, P.A., Sarasota, for D.H. and L.H.

J. Robert McCormack and William J. Cantrell of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Tampa, for Adept Community Services, Inc.

Kevin M. Davis of Mintzer Sarowitz Zeris Ledva & Meyers LLP, Jacksonville, for B.E.A.R.R., Inc.

SALARIO, Judge.

These related cases, consolidated for record and oral argument purposes, involve two separate challenges, brought at different stages of the underlying trial court litigation, to a complaint asserting the negligence claims of two minor children. In case 2D15-304, twin brothers D.H. and L.H. (the twins), through their grandparents, appeal from a final summary judgment in favor of Adept Community Services, Inc. and B.E.A.R.R., Inc. finding that their complaint was barred by the four-year statute of limitations applicable to negligence claims under section 95.11(3)(a), Florida Statutes (2006). In case 2D15-677, B.E.A.R.R. appeals from an order denying its motion to dismiss the complaint on statute of limitations grounds. We affirm the summary judgment because the record reflects no genuine issue of material fact that the twins' claims accrued more than four years before they filed suit, and the tolling for minors' claims provided by section 95.051(1)(h) is inapplicable here. That disposition makes it unnecessary to address the order denying B.E.A.R.R.'s motion to dismiss, and we dismiss that appeal as moot.

I.

The twins were born on September 12, 2005.  Their mother, who is developmentally disabled, received services from Adept and B.E.A.R.R. under a Medicaid program that provides in-home support for disabled adults.  The services included coordination with the Medicaid program, life-coaching, and the assistance of a live-in aid.  They were intended to help her live on her own and care for her children.

Those services, sadly, did not meet their objectives.  On April 11, 2006, the sheriff's office removed the twins from the mother's custody, and a petition to shelter them based on allegations of abandonment, abuse, and neglect was filed in dependency court.  See § 39.402(1)(a), Fla. Stat. (2006).  The petition alleged that the twins' mother fired her live-in aid, was incapable of caring for the twins independently, and had multiple sex partners, including one with a criminal history.  The petition also alleged that the mother dropped the twins multiple times, including once in the two weeks leading up to the filing of the petition.  The dependency court held a hearing and granted the petition, ordered the twins sheltered with the Department of Children and Families, and appointed a guardian ad litem to represent the twins' best interests.[1]

After additional proceedings, the dependency court, on May 16, 2006, adjudicated the twins dependent and placed them in the "temporary care, custody, and control" of their maternal grandparents, R.H. and S.H. (the grandparents).  The court adopted a case plan intended to reunite the twins with their mother, but the mother

_____

[1]For the sake of accuracy, we note that on April 11, 2006, the dependency court appointed the guardian ad litem program and on June 6, 2006, appointed an individually named guardian ad litem.  Because the parties have not argued that this distinction is of any legal significance to the issues in this appeal, we refer to the "guardian ad litem" for the sake of convenience.

- 3 -

failed to comply with the plan and remained incapable of caring for the children on her own.  As a result, on April 13, 2007, the dependency court appointed the grandparents permanent guardians for the twins and discharged the guardian ad litem.

Three and a half years later, on November 22, 2010, the grandparents filed a negligence complaint against Adept and B.E.A.R.R. in circuit court.  The grandparents sued on behalf of the twins as their "next friends and permanent guardians."  In sum, they alleged that Adept and B.E.A.R.R. knew that the mother required round-the-clock help to take care of the twins yet negligently provided services that left the twins alone in the mother's care.  They alleged that the twins were fed, dressed, and bathed inappropriately—and sometimes not at all—were dropped by the mother, and suffered physical, mental, and emotional injuries as a result.

B.E.A.R.R. moved to dismiss the complaint, asserting that it was barred by the four-year statute of limitations applicable to negligence claims under section 95.11(3)(a).  The trial court denied that motion without prejudice to B.E.A.R.R.'s raising the statute of limitations issue again by way of motion for summary judgment.

The parties took thorough discovery, which included the depositions of the grandparents.  Their testimony reflects that even before the twins were removed from their mother's care, they were aware of Adept's and B.E.A.R.R.'s roles in assisting the mother and that the twins had been abused and neglected while in their mother's care.  The results of that abuse and neglect became more evident after the twins were removed from their mother's custody and the grandparents observed physical and psychological injuries to the children.  The grandfather testified that as of May 19, 2006—the date the Department produced comprehensive behavioral health

- 4 -

assessments on the twins noting developmental delays and anxiety problems due to abuse and neglect by the twins' mother—he knew about some of the twins' injuries and attributed them to the negligence of Adept and B.E.A.R.R.

B.E.A.R.R. filed a motion for summary judgment, in which Adept later joined, arguing, among other things, that the twins' negligence claims were barred by the four-year statute of limitations. In substance, they argued that the twins' mother and the grandparents were both aware of the twins' injuries more than four years before suit was filed and could have brought an action on their behalves within the four-year limitations period but failed to do so. The twins disputed both the legal capacity of the mother and of the grandparents to sue on the twins' behalf and the mother's and grandparents' knowledge of the alleged invasion of the twins' legal rights. The court denied the motion in an unelaborated order.

Adept and B.E.A.R.R. filed motions for reconsideration. They argued that the grandparents were able to sue on the twins' behalf as next friends at any time after they became aware of the twins' injuries and their connection to the alleged negligence of Adept and B.E.A.R.R., which they contended was no later than April or May 2006. As a result, they argued, the twins' November 2010 negligence complaint was time-barred. The trial court agreed and entered a final summary judgment in favor of Adept and B.E.A.R.R. The twins, through their grandparents, timely appealed.

II.

We review the trial court's grant of summary judgment in case 2D15-304 de novo. Green v. APAC-Fla., Inc., 935 So. 2d 1231, 1233 (Fla. 2d DCA 2006). The question presented is whether the trial court was correct that there is no genuine issue

of material fact as to whether the twins' negligence claims were barred by the statute of limitations.  See Fla. R. Civ. P. 1.510(c).  The twins argue that there are genuine issues of material fact both as to when their claims accrued for limitations purposes and whether the period of limitations was tolled until the grandparents were appointed the twins' permanent guardians on April 13, 2007.

The questions of when a cause of action accrues for limitations purposes and whether a limitations period has been tolled are legally distinct.  The question of accrual is concerned with determining the date upon which the statute of limitations begins to run—i.e., the date upon which the plaintiff may bring an action on the claim asserted.  See Hearndon v. Graham, 767 So. 2d 1179, 1184-85 (Fla. 2000) (citing State Farm Mut. Auto Ins. Co. v. Lee, 678 So. 2d 818, 821 (Fla. 1996)); see also § 95.031.  The question of tolling, in contrast, is concerned with determining whether, after a plaintiff's cause of action has accrued, an applicable statute suspends the running of the limitations period for a defined length of time.  See Hearndon, 767 So. 2d at 1185; see also § 95.051.  When a tolling statute is applicable, the time during which the statute of limitations has been tolled is excluded from the determination of whether the claim was brought within the required time after the cause of action accrued.

The twins' complaint was filed on November 22, 2010, and asserts solely claims for negligence.  The statute of limitations for negligence claims is four years. § 95.11(3)(a).  For their suit against Adept and B.E.A.R.R. to be timely, therefore, either (1) their claims must have accrued on or after November 23, 2006, or (2) if they accrued earlier, in order for the limitations period to have allowed for a timely filing in 2010, it must have been tolled for at least as long as the time between the date the claims

accrued and November 23, 2006.  Consistent with the law's recognition that accrual and tolling are analytically distinct inquiries, we analyze each possibility separately.

A.

We turn first to the question of accrual.  Under Florida law, unless another statute applies, "[a] cause of action accrues when the last element constituting the cause of action occurs."  § 95.031(1).

1.

Both parties assert that a cause of action alleging negligence accrues when the plaintiff knows, or through the exercise of diligence should know, of the invasion of his or her legal rights.  See D.B. v. CCH-GP, Inc., 664 So. 2d 1094, 1095 (Fla. 2d DCA 1995) (citing Keller v. Reed, 603 So. 2d 717, 719 (Fla. 2d DCA 1992)).  From there, they reason that when a minor's negligence claim is at issue, the cause of action accrues when an adult with authority to sue on the minor's behalf knows or should know of the minor's injury and its connection to the defendant's negligence.  See S.A.P. v. Dep't of Health & Rehab. Servs., 704 So. 2d 583, 586 (Fla. 1st DCA 1997) ("Similarly, here, the statute could not begin to run against the minor child until a parent, guardian, or next friend knew or reasonably should have known of facts which supported the child's cause of action."); see also Drake v. Island Cmty. Church, Inc., 462 So. 2d 1142, 1144 (Fla. 3d DCA 1984) (holding that minor's negligence claim does not accrue until an adult capable of bringing the action knows of the invasion of the minor's legal rights).  Agreeing on these principles, the parties' arguments are directed to disputing when the grandparents acquired the authority to sue on the twins' behalf and when they knew or should have known of the invasion of the twins' legal rights.

- 7 -

The problem with those arguments is that the premise upon which they are based has been invalidated by the supreme court. The "knew or should know" accrual rule for negligence is an expression of the delayed discovery doctrine under which a cause of action does not accrue for statute of limitations purposes until the plaintiff knows or reasonably should know of the invasion of his or her rights. See Hearndon, 767 So. 2d at 1184. In Davis v. Monahan, 832 So. 2d 708 (Fla. 2002), the supreme court held that the doctrine applies only when the legislature has by statute provided that it does. The court explained as follows:

> The Florida Legislature has stated that a cause of action accrues or begins to run when the last element of the cause of action occurs. An exception is made for claims of fraud and products liability in which the accrual of the causes of action is delayed until the plaintiff either knows or should know that the last element of the cause of action occurred. The [l]egislature has also imposed a delayed discovery rule in cases of professional malpractice, medical malpractice, and intentional torts based on abuse.
>
> . . . .
>
> Aside from the provisions above for the delayed accrual of a cause of action in cases of fraud, products liability, professional and medical malpractice, and intentional torts based on abuse, there is no other statutory basis for the delayed discovery rule.

Id. at 709-10 (emphasis added) (footnote omitted). The sole exception to the rule that the delayed discovery doctrine does not apply unless the legislature has so stated involves intentional torts based on childhood sexual abuse. Id. at 712 (explaining that Hearndon, which created the exception, "is limited to the specific facts in that case").

Davis thus makes clear that unless another statute provides differently, courts applying a statute of limitations must follow the default rule codified in section

95.031(1) that "[a] cause of action accrues when the last element constituting the cause of action occurs."  See also Nat'l Auto Serv. Ctrs., Inc. v. F/R 550, LLC, 192 So. 3d 498, 506 n.7 (Fla. 2d DCA 2016) ("[T]he delayed discovery doctrine is a creature of statute and generally does not apply when a statute does not provide for it." (citing Davis, 832 So. 2d at 710-12)).  For that reason, the delayed discovery doctrine is not applicable to causes of action alleging ordinary negligence, as distinguished from professional or medical negligence or intentional torts based on abuse or child sexual abuse.  See W.D. v. Archdiocese of Miami, Inc., 197 So. 3d 584, 587-88 (Fla. 4th DCA 2016) (holding that the delayed discovery doctrine does not apply to a claim for negligence against a third party based on child sexual abuse); Cisko v. Diocese of Steubenville, 123 So. 3d 83, 84-85 (Fla. 3d DCA 2013) (same); Krawchenko v. Raymond James Fin. Servs., No. 2:11-cv-409-FtM-29DNF, 2013 WL 489088, at *3 (M.D. Fla. Feb. 8, 2013) ("[T]he 'delayed discovery' doctrine is not available because there is no statutory basis to apply the doctrine in negligence actions.").  The twins allege only ordinary negligence.

As a result, the grandparents' knowledge of the alleged invasion of the twins' rights is not pertinent to when the twins' negligence causes of action accrued.  Although cases like S.A.P. and Drake have held otherwise, those cases predate the supreme court's decision in Davis.  Under the plain language of section 95.031(1), as applied in Davis, the cause of action accrues when its last element occurs.

The last element constituting a cause of action for negligence is legally cognizable injury to the plaintiff.[2]  See Kelly v. Lodwick, 82 So. 3d 855, 857 (Fla. 4th DCA 2011) ("The last element constituting a cause of action for negligence or breach of fiduciary duty is the occurrence of damages."); Chrestensen v. Eurogest, Inc., 906 So. 2d 343, 345 (Fla. 4th DCA 2005) ("[A] cause of action for negligence does not accrue for limitations purposes until the existence of redressable harm or injury has been established.").  Here, the summary judgment record is clear that the twins suffered injuries from being dropped, malnourished, and bathed in excessively hot water no later than April 11, 2006—the date they were removed from their mother's custody.  See, e.g., N.G. v. Arvida Corp., 630 So. 2d 1164, 1165 (Fla. 3d DCA 1993) (holding that minor's negligence claim based on sexual abuse accrued on the date the abuser was arrested, which was the last date upon which she could have been abused).  The twins assert that additional psychological injuries manifested themselves later, but the salient point is that the undisputed facts establish the existence of cognizable harm as of April 11, 2006.  The causes of action thus accrued at that time.  See Kelly, 82 So. 3d at 858 (holding that negligence claim accrues when "injury . . . in consequence of the agents' alleged wrongful acts first was sustained" (citing City of Miami v. Brooks, 70 So. 2d 306 (Fla. 1954))); Kellermeyer v. Miller, 427 So. 2d 343, 346 (Fla. 1st DCA 1983) (same).

---

[2]Some decisions have framed the time at which the plaintiff knew or should have known of the invasion of his or her legal rights as being the time the last element of a negligence cause of action occurs.  See, e.g., D.B., 664 So. 2d at 1095.  After Davis, that formulation is no longer valid.  It is essentially a shoehorning of the delayed discovery doctrine—which applies only when the legislature says it does—into the language of the default "last element" standard of accrual.

We acknowledge those cases that have held that notwithstanding the presence of cognizable injury, a minor's cause of action cannot be deemed to have accrued until there is a person capable of bringing that cause of action on the minor's behalf. See, e.g., Drake, 462 So. 2d at 1144. This reasoning, which flows from decisions predating Davis, cannot survive that decision. If we take section 95.031(1)'s directive that a cause of action accrues when its last element occurs for what it says, as Davis contemplates, then the existence of a person who can bring the claim on the minor's behalf is not relevant to the question of accrual. The negligence cause of action accrues when there is a cognizable injury—the last element constituting that cause of action—regardless of whether there is an adult to bring the claim. To require, as an additional condition to the accrual of a minor's cause of action, that there also be an adult capable of bringing the claim involves inserting words into a statute that the legislature did not put there, an exercise that is foreclosed to us. See Hayes v. State, 750 So. 2d 1, 4 (Fla. 1999) ("We are not at liberty to add words to statutes that were not placed there by the [l]egislature."); FINR II, Inc. v. Hardee Cty., 164 So. 3d 1260, 1264 (Fla. 2d DCA 2015) (holding that a court may not "rewrite the statute to insert an additional requirement not placed there by the legislature").

This does not, however, leave a minor's access to a legal remedy on an accrued cause of action without protection from the running of the statute of limitations. On the contrary, as discussed in part II.B, the legislature has specifically addressed that problem through a provision that tolls the running of the statute of limitations on the claims of unrepresented minors in specified circumstances. § 95.051(1)(h). After Davis, the relevant question with respect to a minor's access to a legal remedy should

- 11 -

be whether that tolling statute applies in any given case, not whether section 95.031(1)'s last element rule silently incorporates a requirement that there be an adult capable of bringing a minor's claim before that claim can accrue. If that tolling statute is insufficiently protective of minors' rights, that problem is—barring a constitutional issue, which no one here has raised—a problem of policy for the legislature to solve.

2.

Assuming for the sake of argument that the accrual law is instead as the parties have presented it—i.e., that an adult capable of bringing suit have knowledge of the invasion of the minor's legal rights—the twins' claims nonetheless accrued outside the limitations period. Under the parties' view of the law, the question is whether the summary judgment record demonstrates beyond any genuine dispute the existence of a person authorized to sue on the twins' behalves who knew or should have known of the twins' injuries and their connection to the alleged negligence of Adept and B.E.A.R.R. more than four years before the filing of the complaint on November 22, 2010. See, e.g., S.A.P., 704 So. 2d at 586; Drake, 462 So. 2d at 1144.

With respect to authority to sue, Adept and B.E.A.R.R. assert that the grandparents at all times could have sued as "next friends" of the twins. In that regard, Florida Rule of Civil Procedure 1.210(b) provided in 2006 as follows:

> **Infants or Incompetent Persons.** When an infant or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it

- 12 -

deems proper for the protection of the infant or incompetent person.

(Emphasis added.)

Under the rule, a next friend may sue on behalf of a minor when the minor does not have "a representative, such as a guardian or other like fiduciary." See also Gilbertson v. Boggs, 743 So. 2d 123, 127 (Fla. 4th DCA 1999), disagreed with on other grounds by B.K. v. S.D.C., 122 So. 3d 980 (Fla. 2d DCA 2013), and receded from on other grounds, Beckford v. Drogan, No. 4D16-947, 2017 WL 393429 (Fla. 4th DCA Jan. 27, 2017). Although there are no special requirements for service in this capacity, a next friend must be an adult of reasonable judgment and integrity whose interests do not conflict with those of the minor he or she represents. See Kingsley v. Kingsley, 623 So. 2d 780, 784 (Fla. 5th DCA 1993) ("[T]he courts require that an adult person of reasonable judgment and integrity conduct the litigation for the minor as the latter's next friend."); cf. Gilbertson, 743 So. 2d at 128 (holding that putative father was not proper next friend in paternity case because his interests conflicted with those of the minor). Neither the text of the rule nor the cases interpreting it require that a next friend be appointed by the court to sue on a minor's behalf. See Gasparro v. Horner, 245 So. 2d 901, 905 (Fla. 4th DCA 1971) ("Florida law does not require that a next friend be 'appointed' before he can act."). Indeed, in an action like this one alleging negligence based upon the abuse of a minor, the Third District held that "[a]nyone who was aware of the [minor's] predicament had the authority to and could assert the [minor's] legal rights." N.G., 630 So. 2d at 1165.

Under these precedents, the grandparents could have sued as next friends of the twins if (1) the twins did not have a representative, such as a guardian or

other like fiduciary; (2) they were people of reasonable judgment and integrity; and (3) their interests did not conflict with those of the twins.[3]  The summary judgment record is clear that between April 2006 and the grandparents' appointment as the twins' permanent guardians in April 2007 the twins had no appointed guardian or other like fiduciary who could have filed a negligence suit on their behalves.  Nor does the summary judgment record reflect any genuine dispute about the grandparents' judgment or integrity or the conformity of the grandparents' own interests with those of the twins.  On this record, then, the grandparents had the authority to sue as the twins' next friends as of April 2006.  Cf. Fla. Dep't of Health & Rehab. Servs. v. Powell, 490 So. 2d 1043, 1044 (Fla. 2d DCA 1986) (holding that grandmother was entitled to petition for support for minor because "[w]e must certainly consider the grandmother in this case as at least 'a next friend' ").

Relying on the First District's decision in S.A.P., the twins argue that only a parent or legal guardian can serve as a next friend and, therefore, that the grandparents could not have sued until they were appointed the twins' legal guardians in April 2007.  The twins misread S.A.P.  To be sure, that decision contemplates that a parent or legal

---

[3]The practice in the federal courts under rule 17(c) of the Federal Rules of Civil Procedure, upon which our rule 1.210(b) was modeled, is substantially similar to the principles governing the appearance of next friends stated in the text.  See Fla. R. Civ. P. 1.210(b), 1967 author's comment; Fed. R. Civ. P. 17(c); T.W. v. Brophy, 954 F. Supp. 1306, 1309 (E.D. Wis. 1996) (holding that requirement of court appointment is not applicable to a next friend and that such a person must be dedicated to the minor's best interests and have some significant relationship with the minor); Child v. Beame, 412 F. Supp. 593, 599 (S.D.N.Y. 1976) ("The term [next friend] is broad enough to include any one who has an interest in the welfare of an infant who may have a grievance or a cause of action."); 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1572 (3d ed. 2016 update).

guardian may sue as next friend, 704 So. 2d at 586, but it neither held nor implied that the legal capacity to sue as next friend is limited to parents and legal guardians. Quite the contrary, S.A.P. explicitly acknowledged that individuals other than parents or guardians may sue in that capacity. Expressing the accrual rule applicable to the claims of a minor, the First District stated that "the statute could not begin to run against [a] minor child until a parent, guardian, or next friend knew or reasonably should have known of facts which supported the child's cause of action." Id. (emphasis added). And holding that the claims of the minor in that case were not time-barred, the court held that the limitations period did not begin to run on the date of accrual because "no one, no natural parent, no adoptive parent, no guardian ad litem, and no next friend, was aware" of the facts underlying the minor's claim at that time. Id. at 587 (emphasis added). S.A.P. is thus consistent with the understanding described above that any adult of reasonable judgment and integrity whose interests are not in conflict with those of the minor may litigate on behalf of the minor as his or her next friend.

The twins also assert that the Fifth District's decision in Buckner v. Family Services of Central Florida, Inc., 876 So. 2d 1285 (Fla. 5th DCA 2004), stands for the proposition that allowing a next friend to assert their negligence claims would impermissibly interfere with the duties of the Department and the dependency court. In that case, former foster parents sued the Department on behalf of a minor seeking to challenge the Department's decisions not to approve the former foster parents' adoption of the minor and to preclude contact between them and the minor. Id. at 1286. Recognizing that allowing the former foster parents to sue the Department over an adoption decision as next friends of the child whose adoption placement was being

- 15 -

determined "would mean that any former foster parent would have standing to sue DCF acting ostensibly on behalf of a dependent minor child who is or at one time had been in the foster parent's custody," the Fifth District held that allowing the former foster parents to proceed "would usurp . . . DCF's statutory authority and interfere with the jurisdiction and procedures of the dependency court." Id. at 1287 (emphasis omitted).

The twins' assertion that Buckner abrogates a next friend's authority to litigate the tort claims of a minor who happens to be the subject of a dependency proceeding reads that decision far too broadly. The placement of a dependent minor in an appropriate adoptive home, where called for under chapter 39, is a key function of both the Department and the dependency court. See, e.g., § 39.001(1)(h), (i). Allowing a disappointed former foster parent to use next friend status to sue the Department over an adoption decision—effectively leveraging the minor to facilitate litigation of a private grievance of the former foster parent against the Department—would understandably interfere with that purpose. The same cannot be said of allowing the close relative of a minor to litigate the minor's tort claims against third parties based on conduct unrelated to any dependency proceeding or function.

Having established that the grandparents had authority to litigate as the twins' next friends, we turn finally to the question of the grandparents' notice of the twins' injuries and connection to the alleged negligence of Adept and B.E.A.R.R. Unlike other cases where this might be a disputed fact, see Keller, 603 So. 2d at 720, the facts here are sufficiently crystallized that summary judgment was warranted. During deposition, the grandfather testified that as of May 19, 2006, he knew about some of the twins' physical and psychological injuries and attributed them to the negligence of Adept

and B.E.A.R.R.[4]  Although the twins argue that a later diagnosis of sensory disorder came in March 2007, it is not necessary that all of their injuries have materialized for their negligence causes of action to accrue.  See Kelly, 82 So. 3d 855; Kellermeyer, 427 So. 2d 343.  There is no genuine issue of material fact that someone with authority to sue on the twins' behalves was on notice of the invasion of their legal rights no later than May 19, 2006.

B.

Having concluded that there is no genuine issue of material fact that the twins' causes of action accrued on April 11, 2006 or, alternatively, May 19, 2006—both more than four years before they filed suit—we now consider whether the statute of limitations was tolled at any point.  The twins argue that the limitations period was tolled under section 95.051(1)(h) continuously from the time their claims accrued until the grandparents were appointed their permanent guardians in April 2007.  If true, that would render their complaint timely, where the tolled four-year period would not have run until April 2011, after the November 2010 complaint was filed.

Section 95.051(1)(h) provides, in relevant part, that the limitations period is tolled by

> [t]he minority or previously adjudicated incapacity of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist, has an interest adverse to the minor or incapacitated person, or is adjudicated to be incapacitated to sue . . . .

_____

[4]Based on their deposition testimony, it is quite possible that there is no genuine issue of material fact that both grandparents were aware of some of the twins' injuries and their connection to the alleged negligence of Adept and B.E.A.R.R. on or before April 11, 2006.  In light of our analysis in the text, however, it is unnecessary for us to decide that question.

- 17 -

(Emphasis added.) There appear to be no reported decisions interpreting this statute. Its text, however, is clear that the limitations period is tolled as to the claim of a minor when there is no (1) parent, guardian, or guardian ad litem, (2) without interests adverse to those of the minor, and (3) who has not been adjudicated incapacitated to sue.

Applying the elements of the tolling statute to the facts of this case, the twins assert that although their mother is a parent, she had interests adverse to them both by virtue of the dependency court proceedings through which her parental rights were in jeopardy and the fact that the twins' negligence claims are based on her inability to care for them. They point out that they had no guardian until the grandparents were appointed in April 2007. And finally, they acknowledge that they had a guardian ad litem beginning on April 11, 2006, but contend that the guardian ad litem was unaware of the twins' injuries and therefore did not request services to address those needs.

The twins' argument concerning the guardian ad litem's awareness of their injuries is, as a matter of statutory text, irrelevant to whether section 95.051(1)(h) applies. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 367 (Fla. 2013) ("Our statutory analysis begins with the plain meaning of the actual language of the statute . . . ."). Under the plain language of the statute, the limitations period on a minor's cause of action is not tolled when a guardian ad litem exists, except when that guardian ad litem has interests adverse to the minor or has been adjudicated incapacitated. No one asserts that either circumstance applies here; the twins assert only that the guardian ad litem did not know about their injuries. That is not a basis for tolling. To hold that it is, we would have to add the words "or does not know of the minor's injuries" to the statutory list of circumstances that toll the limitations period. That

is an editorial prerogative that belongs to a legislature performing a policymaking function and is denied to a court performing an interpretative one.  See Hayes, 750 So. 2d at 4; FINR II, 164 So. 3d at 1264.  The twins' reliance on section 95.051(1)(h) is therefore misplaced.[5]

III.

The application of a statute of limitations to defeat a potentially valid legal claim will doubtless sometimes appear arbitrary or inequitable.  That is especially true where minors are involved.  Like other statutes, however, statutes of limitations serve valid policy objectives and have been adopted through democratic legislative processes.  See Nat'l Auto., 192 So. 3d at 509 (describing purposes of statutes of limitations).  As a reviewing court, our function is to apply a statute of limitations as we would any other statute, in accord with its terms, whether or not we like the result.

On the summary judgment record in the trial court, there is no genuine issue of material fact that the twins' negligence causes of action against Adept and B.E.A.R.R. accrued, at the latest, on May 19, 2006.  Nor does the tolling afforded by section 95.051(1)(h) apply here under the undisputed facts.  As a result, the twins' negligence complaint, filed more than four years after the claims accrued, is barred by the four-year statute of limitations provided by section 95.11(3)(a).  The trial court's

---

[5]We acknowledge the argument raised by the concurrence that the term "guardian ad litem" in section 95.051(1)(h) means only a guardian ad litem legally authorized to file suit on the minor's behalf.  Because that argument has not been raised by the twins in this appeal, we are unable to resolve it here.  See Weaver v. Weaver, 95 So. 3d 1029, 1030 (Fla. 2d DCA 2012); I.R.C. v. State, 968 So. 2d 583, 588 (Fla. 2d DCA 2007).  We express no views on its merits other than to note that it presents a difficult question of first impression to be resolved in a case where it has been presented to us for decision by an appellant and briefed by the parties.

entry of final summary judgment in favor of Adept and B.E.A.R.R. was proper and is affirmed. This moots, and we therefore dismiss, B.E.A.R.R.'s appeal from the trial court's order denying its motion to dismiss.

Case 2D15-304 affirmed; Case 2D15-677 dismissed.

KELLY, J., Concurs.
VILLANTI, C.J., Concurs specially.


VILLANTI, Chief Judge, Concurring specially.

If the law allowed, I would reverse the summary judgment because, in my view, it constitutes fundamental error to cut off the rights of minors despite the existence of a statute designed to protect this from happening. But the law does not view things the way my paternal instincts do, and the issue I see—while raised and argued at the summary judgment hearing in the trial court below—was not raised as a basis for reversal on appeal. Therefore, I must reluctantly concur in this affirmance.

As the majority recognizes, section 95.051(1)(h) tolls the statute of limitations during "[t]he minority . . . of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist [or] has an interest adverse to the minor." Here, there is no dispute that the twins' only identified parent had an interest adverse to them. There is also no dispute that the twins did not have a plenary guardian until April 13, 2007, when their grandparents were appointed as permanent guardians. With the statute of limitations tolled until April 13, 2007, the complaint filed in November 2010 would have been timely.

- 20 -

However, the majority asserts—as did B.E.A.R.R. and Adept below—that the tolling statute does not apply because the twins had a guardian ad litem appointed on April 12, 2006. And while this is nominally true, I believe more is required to avoid the tolling statute than simply the existence of an entity called a "guardian ad litem." The guardian ad litem in this case was appointed by the dependency court to represent the best interests of the twins in the dependency case. The guardian ad litem did not have plenary powers over the twins for any other matter. Cf. § 39.820(1), Fla. Stat. (2006) (providing for the guardian ad litem to be appointed to represent the best interests of the child in that proceeding). To hold that the mere existence of a guardian ad litem—even one wholly bereft of the legal authority necessary to bring the civil action in question—is sufficient to avoid the tolling statute is to elevate form over substance at the expense of the very persons the statute is intended to protect. At a minimum, there was a question of fact as to whether the guardian ad litem was authorized by that appointment to file a civil action for negligence on behalf of the twins. And that question of fact alone should have precluded entry of the summary judgment here.

Nevertheless, the argument concerning the guardian ad litem's authority to act was not raised as a basis for reversal on appeal, and the concept of fundamental error has yet to be extended to allow an appellate court to correct an error that was preserved in the trial court but not raised on appeal. See Universal Ins. Co. of N. Am. v. Warfel, 82 So. 3d 47, 64 (Fla. 2012) (noting that fundamental error may be used to correct errors that "reach down into the validity of the trial" and which were raised on appeal but not preserved with a contemporaneous objection in the trial court (quoting Jaimes v. State, 51 So. 3d 445, 448 (Fla. 2010))). So while I believe it was fundamental

- 21 -

error to grant summary judgment in the face of fact questions surrounding the

applicability of a statute that requires the tolling of the statute of limitations for the

protection of minors who have no one who can legally protect their interests, I am bound

by precedent that definitively precludes such a result.  Therefore, I reluctantly concur in

this affirmance.