IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

R.R. AND S.B.,

        Appellants,

  v.                                    Case No. 5D16-4148

NEW LIFE COMMUNITY CHURCH OF CMA, INC.,
PRISCILLA HEFFIELD, RON HEFFIELD,
DANIEL HEFFIELD, CHRISTIAN AND MISSIONARY
ALLIANCE, INC., ET AL.,

        Appellees.
_____/

Opinion filed May 18, 2018

Appeal from the Circuit Court
for Orange County,
Donald A. Myers, Jr., Judge.

Susan W. Fox, of Fox & Loquasto, P.A.,
Orlando, Wendy S. Loquasto, of Fox &
Loquasto, P.A., Tallahassee, Griffith J.
Winthrop, III, of Alvarez, Winthrop,
Thompson & Storey, P.A., Orlando, and
John K. Overchuck, of Overchuck Law
Firm, Orlando, for Appellants.

David J. Pascuzzi and Steven G. Schwartz,
of The Schwartz Law Group, Boca Raton,
for Appellees, New Life Community Church
of CMA, Inc. and Ron Heffield.

Scott A. Cole and Melinda S. Thornton, of
Cole, Scott & Kissane, P.A., Miami, for
Appellee, Priscilla Heffield.

Michael R. D'Lugo, of Wicker, Smith,
O'Hara, McCoy & Ford, P.A., Orlando, for

Appellee, The Christian and Missionary Alliance, Inc.

Michael A. Sastre and Christian M. Leger, of GrayRobinson, P.A., Miami, for Appellee, The Southeastern District of the Christian and Missionary Alliance.

No Appearance for other Appellees.

PER CURIAM.

R.R. and S.B. appeal the partial summary judgment on their negligence and respondeat superior claims against the parents and employer of the alleged abuser in this child sexual abuse case. We are compelled to affirm because the claims were time-barred by the four-year statute of limitations outlined in section 95.11(3)(a), (p), Florida Statutes (1996). In reaching this conclusion,[1] we align ourselves with the Second District in D.H. ex rel. R.H. v. Adept Community Services, Inc., 217 So. 3d 1072, 1077-80 (Fla. 2d DCA 2017), and certify conflict with Doe v. Nur-Ul-Islam Academy, Inc., 217 So. 3d 85, 90 (Fla. 4th DCA 2017), and Drake ex rel. Fletcher v. Island Community Church, Inc., 462 So. 2d 1142, 1144 (Fla. 3d DCA 1984). We recognize that the Florida Supreme Court has accepted jurisdiction to review the conflict between the holding in D.H. and the holdings in Nur-Ul-Islam Academy and Drake. See D.H. v. Adept Cmty. Servs., Inc., No. SC17-829, 2017 WL 4325848, at *1 (Fla. Sept. 29, 2017).

AFFIRMED and CONFLICT CERTIFIED.

---

[1] We note that even if we were to adopt Appellants' argument as to section 95.051(1)(i), Florida Statutes (2011), Appellants' negligence and respondeat superior claims were filed beyond the seven-year repose period provided for in the statute. Likewise, their alternative argument, based on section 95.11(9), Florida Statutes (2010), fails because the subsection does not apply to actions that would have been time-barred on or before July 1, 2010.

TORPY, BERGER and EDWARDS, JJ., concur.